BENJ. F. ACOCK, Plaintiff in Error, *vs.* LUCY A. ACOCK, Defendant in Error.

1. *Judgment—Fraud and irregularity.*—A party seeking to set aside a judgment for fraud or irregularity must take the burden of proof, of establishing his charges.

2. *Practice, civil—Motion for new trial—Points not embraced in, disregarded in Supreme Court.*—Points not embodied in a motion for a new trial will be disregarded in the Supreme Court.

*Error to Polk Circuit Court.*

*Wright & Abbe and Johnson,* for Plaintiff in Error.

*McAfee & Phelps,* for Defendant in Error.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff instituted this proceeding in the circuit court for the purpose of setting aside a judgment obtained against him by the defendant on constructive notice.

The petition charges, that the defendant had no valid claim against the plaintiff, and that the judgment was procured wrongfully and fraudulently. On motion a part of the petition was stricken out, and the defendant then filed her answer denying all the allegations therein.

The only evidence introduced by the plaintiff was the record of the suit in which the judgment was sought to be set aside; by which it appeared, that the defendant, in November, 1864, commenced her suit by attachment in the Polk circuit court upon a contract in writing made in 1861, and alleged to be in the possession or under the control of plaintiff or one Robinson, and not in the possession of defendant; and stated that said contract was signed by plaintiff and Robinson, stating that they had bought the distributive share or interest of the defendant, in the slaves belonging to the estate of her husband, R. E. Acock, deceased; that her share of said slaves was delivered to plaintiff and Robinson; and they promised and agreed, in consideration thereof, to pay defendant for her interest the appraised value of the slaves less ten per cent. —one-half in promissory notes and the residue in real estate.

The appraised value of the slaves was $17,100, and the defendant was entitled to one-sixth part of the same. It was also agreed that defendant might retain one slave valued at

$800; and it was then alleged that defendant and Robinson failed and refused to comply with their agreement.

With the petition were filed an affidavit and bond for an at-attachment in due form, and a writ was issued which was levied on certain lands belonging to plaintiff. Publication was regularly made and proved. The writ was returnable to the March term, 1865, at which term no answer being filed, an interlocutory judgment was taken. At an adjourned term of the next regular court, on the 11th day of December, 1865, a final and special judgment was rendered in favor of defendant for $1,845 debt and $513.51 damages, and in conformity therewith, a special execution was issued, and the land sold and purchased by one Eno, to whom a deed was made. On the 28th day of November, 1868, this petition was filed by the plaintiff to set aside the judgment.

The petition in this case does not proceed under the provisions of the statute in reference to setting aside judgments in attachment proceedings, rendered on publication only, for that requires that the proceeding should be instituted within two years—which was not done here. (1 Wagn. Stat., § 60, p. 193, et seq.) It is then, simply a petition to avoid the judgment for fraud or irregularity.

The principal ground insisted upon now, is, that the petition in the attachment suit was founded on a written contract for defendant's share of the slaves, which was valued at $2,850, and that the affidavit stated the demand to be justly due, after allowing credits and off-sets, amounting to $1,845 and interest, and that the judgment was for the latter sum and damages. Now the interest of the slaves, was valued at $2,850, as stated, but as the defendant kept one at $800, and then deducted ten per cent., it would just leave $1,845, the amount sworn to in the affidavit.

The damages, which it is claimed were not asked for in the petition and not spoken of in the order of publication, were nothing more than the interest on the demand which was directly asked for. This is the usual manner of writing up judgments.

The petition sets forth a claim for a demand and interest. When the judgment is entered, the demand is styled the plaintiff's debt, and the interest is termed his damages. The evidence on which the judgment was rendered was satisfactory to the court and we will not review it. We fail wholly to see anything in the shape of an irregularity authorizing us to disturb the judgment.

The plaintiff introduced no evidence whatever, to sustain his allegation of fraud; but the defendant did what was not necessary, she again introduced her evidence, and proved up her case clearly and satisfactorily. The court therefore committed no error in deciding in her favor.

The action of the court in striking out a part of the plaintiff's petition we will not review. It was not embodied as one of the errors, or points insisted upon in the motion for a new trial, and therefore must be disregarded. (Curtis vs. Curtis, 54 Mo., 351, and cases cited.)

Moreover, it does not appear, that in consequence of that ruling, the plaintiff was deprived of any evidence he possessed. Under the allegations of fraud which remained, he might have introduced any witness he had on the subject, but he seems to have had none. He relied wholly on the record in the former suit and that was palpably insufficient to sustain him.

Judgment affirmed; the other judges concur.