William J. Slais, Appellant, v. Mary Slais, Respondent.

May 18, 1880.

1. A decree, declaring a marriage void on the ground of mental incapacity of one of the parties at the date of the marriage, should not be rendered except upon the clearest and most definite evidence.

2. The testimony of a physician as to the insanity of a person whom he did not know at the time in controversy is entitled to but little weight.

Appeal from the St. Louis Circuit Court, Lindley, J. *Affirmed.*

W. E. Hemingway and L. R. Tatum, for the appellant.

M. J. Sullivan, for the respondent.

Hayden, J., delivered the opinion of the court.

This is an action in equity to annul, on the ground of the insanity of the defendant, a contract of marriage made between the parties on the twenty-fourth day of January, 1875. The parties were first married in 1864, and lived together for eight years. It appears that the defendant brought a suit for divorce, to which the present plaintiff made no defence. No record evidence was introduced, but the present plaintiff, in his testimony, says: "A divorce was granted us on the fifteenth day of October, 1874." From this date the plaintiff did not see the defendant until the twenty-fourth day of January, 1875. On the twenty-third day of January, 1875, the defendant came to Potosi, Missouri, where the plaintiff lived, and begged him to be married to her again. To use his own words, "I told her that if she would quit complaining and scolding me, and not bring up old troubles, and live like a new married couple, that I would take her back. We were married that night, and the same night and the next day she began making the same old charges as badly as ever, crying, and said I did not give her enough money." The testimony shows that the defendant, whose mind appears to have been ill-balanced at all times, and who was ec-

centric and irritable by disposition, became at last positively
insane. The court below dismissed the bill.

It seems to be assumed that the court below dismissed the
bill on the ground that the defendant was insane at the time
of the divorce; but the record shows nothing to this effect.
On the face of the testimony, we think it clear that the bill
should have been dismissed. A contract of marriage is not
lightly to be pronounced void on the ground that one of the
parties was insane and incapable of contracting. The testi-
mony by which such cases are often supported is open to
suspicion, and nowhere ought the discernment of the chan-
cellor to be more employed than in weighing witnesses who
testify as to insanity.

Here the conduct of the plaintiff does not enable him with
good grace to ask for relief. Apart from the circumstances
under which the decree of divorce was evidently granted,
the solemn obligations of marriage were again put on with
as little ceremony as they had been shuffled off. The first
complaint of the husband is, not that his wife was insane, —
that seems to have been an afterthought, — but that she be-
haved just as she had behaved before the remarriage. She
made the same old charges; cried, and said her husband did
not give her money enough; complaints which, considering
the short time the two had been apart, can hardly be re-
garded as evidences of eccentricity, much less insanity.
Eccentric, however, the defendant evidently was, and no
doubt her mind was not in a healthy state; but that she was
in such a condition on the twenty-fourth day of January,
1875, as to be incapable of entering into the contract of mar-
riage there is no satisfactory evidence. The opinion of the
physician, who did not at that time see her, or know her mental
condition, " that she was totally incompetent to understand
the obligations of any contract" on that day, is to be taken for
what it is worth; and what it is worth is very little, in view
of the husband's own testimony, and of the fact that he,
who had lived with her for eight years, married her believing

her apparently to be no worse than she had been before the separation. The testimony of the other witnesses is too indefinite, and does not point with sufficient distinctness to the time of the remarriage. It is clear the defendant afterwards became insane.

The judgment is affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.