Crow, Hargadine & Co. v. Stevens & Mitchell.

---

CROW, HARGADINE & Co., Appellants, v. STEVENS AND MITCHELL, Defendants; JOHN W. STEVENS, Interpleader, Respondent.

**St. Louis Court of Appeals, February 24, 1891.**

1.  **Practice, Appellate :** PRESERVATION OF OBJECTION. An appellate court will not review an adverse ruling by the trial court on a motion, unless the ruling be assigned as error in the motion for new trial.

2.  ———— : REVIEW OF RULINGS ON EVIDENCE. When complaint is made of the exclusion of evidence, the fact that the ground of objection does not appear is immaterial ; it will suffice that it affirmatively appears from the record that the evidence was incompetent or irrelevant, regardless of the form of the objection thereto.

3.  **Attachment:** INTERPLEA : AUTHENTIFICATION OF TRANSCRIPT. Proceedings in the case of an interplea in an attachment suit are in the nature of a distinct suit, and copies of record entries in the attachment proceeding, in order to be admissible in the trial of the interplea, should be authenticated as required by Revised Statutes, 1889, section 4881.

*Appeal from the Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*W. H. Kennan,* for appellants.

*Clark & Dempsey,* for respondent.

BIGGS, J.—The plaintiffs brought suit by attachment against C. C. Stevens and J. N. Mitchell in the circuit court of Audrain county. One of the grounds of the attachment was, that the defendants had made a fraudulent disposition of their property. Garnishments were served on various persons, and their answers disclosed the fact, that they had executed their several notes to the defendants under the firm-name of Stevens & Mitchell, and that they had been notified prior to the service of the garnishments that John W. Stevens, the interpleader, had bought the notes. The plaintiffs, by their replies to the answers of the several garnishees, put in issue the validity and good faith of such transfers, and alleged that, if any transfers had been made, they were void as to the plaintiffs by reason of an intention on the part of Stevens & Mitchell, in so doing, to cheat and defraud their creditors, of which the interpleader had notice. Thereupon the court, under section 5242, Revised Statutes, 1889, made an order requiring Stevens to appear at the June term, 1887, of the court and sustain his claim to the notes. This order was served on him on the fifteenth day of February, 1887. He failed to appear at the June term as he was required to do by order of court, and, at the succeeding term, to-wit, on the eighteenth day of October, 1887, he was permitted to enter his appearance and to file a claim, under oath, to the ownership of the notes. This claim was put in issue by the plaintiffs. Afterwards the venue was changed to the circuit court of Pike county, where, upon a trial of the interplea, there was a finding and judgment for the interpleader. From this judgment the plaintiffs have appealed.

The question involved in the plaintiffs' first assignment is not open for review. The interpleader failed to

appear at the June term of the court, but did appear at the succeeding term, and was then permitted by the court to file his interplea. Before this was done, the plaintiffs filed motions in each garnishment proceeding to have the portions of the garnishee's answer, having reference to the ownership of the notes by Stevens stricken out, upon the ground that the latter had failed to appear and sustain his alleged claim to the notes as required by the order of court. The court overruled the motions; the plaintiffs excepted to the ruling, and thereupon tendered their bill of exceptions, which was signed and made part of the record. The adverse rulings of the court on the motions constitute the subject-matter of the plaintiffs' first assignment. The difficulty which we encounter is, that this alleged error was not called to the attention of the circuit court in the motion for a new trial. The motions and the rulings of the court thereon are matters of exception, and do not belong to the record proper. Exceptions are matters which arise wholly from the action of the court during the trial, such as giving or refusing instructions, or overruling or sustaining some motion, etc. To entitle a party to have a matter of this kind reviewed by the appellate court, it must not only be preserved in, and made a part of, the record by a bill of exceptions, but it is also absolutely necessary to a review of the question, that the attention of the trial court be called to the alleged error in the motion for a new trial. *Bishop v. Ransom,* 39 Mo. 417; *Lewis v. Moxey,* 9 Mo. App. 597; *Acock v. Acock,* 57 Mo. 154; *Curtis v. Curtis,* 54 Mo. 351; *State v. Mann,* 83 Mo. 589; *Exchange Bank v. Allen,* 68 Mo. 474; 2 Thompson on Trials, sec. 2712. The office of a motion for a new trial is to give the trial court an opportunity to correct its errors. But, even if this difficulty were out of the way, we would not be prepared to say that the indulgence of the court in permitting the respondents to file their interplea at a subsequent term was error.

On the trial the plaintiffs offered in evidence a paper purporting to be the affidavit for attachment in the Audrain county circuit court, and a paper purporting to be a copy of a judgment entry of a judgment by default in the attachment suit rendered in the Audrain circuit court. The court held, and properly so, that the papers were inadmissible against the interpleader. The writings were in no way authenticated as far as the record shows, nor was the signature to the affidavit proved. The plaintiffs' counsel contend that the ground of the objection to the admission of these documents does not appear, and hence the court erred in excluding them. This is a misconception of the law. Where evidence is admitted against an objection, and error is claimed on that account, it should appear by the record that a specific objection was made which the court erroneously disregarded, but where evidence is excluded, it will suffice that it affirmatively appears by the record that it was incompetent or irrelevant regardless of the form of the objection thereto. Proceedings in cases of interpleader upon attachment are in the nature of distinct suits ( *Wolff* v. *Vette*, 17 Mo. App. 36), and cases cited ; and copies of record entries in the attachment suit, which gave rise to the interplea, in order to be legal evidence, should be authenticated as required by section 4881 of the Revised Statutes, 1889. This dispenses with the further inquiry, whether such entries would have been relevant evidence if properly authenticated. This assignment will have to be ruled against the plaintiffs.

The plaintiffs now insist that the claim made by Stevens was too indefinite; that is, it does not definitely describe the notes. This objection comes too late. The attention of the trial court should have been called to it in some way.

We have gone through this record and have found nothing which would justify us in disturbing the judgment. With the concurrence of the other judges it will be affirmed. It is so ordered.