ZILLAH PALMER, Respondent, v. JOHN N. SHENKEL *et al.,* Appellants.

Kansas City Court of Appeals, June 13, 1892.

1.  Practice, Appellate: MOTION TO STRIKE OUT: MOTION FOR NEW TRIAL. Although on overruling a motion to strike out appellant notes an exception, it will avail nothing in the appellate court, unless the motion for a new trial again calls the trial court's attention to the matter.

2.  Practice, Trial: PLEADINGS AND INSTRUCTIONS. In an action of trespass *de bonis asportatis,* where the answer is a general denial, instructions should not submit to the jury as a defense the fact that defendants were acting as a *posse* to a constable in levying an execution against another, which is no defense at all, and, if it were, should be affirmatively pleaded.

3.  Trespass: EXECUTION: INDEMNITY BOND: AFFIRMATIVE DEFENSE. In trespass *de bonis asportatis* against a constable, the defense that the goods were taken under execution, and an indemnity bond given by the plaintiff therein, should be affirmatively pleaded in the answer, and cannot be submitted to the jury by instructions under a general denial.

4.  Execution: INDEMNITY BOND: REMEDIES. When a constable levies on the goods of one person to satisfy an execution against another, the former has three remedies, viz.: Sue the officer, *first,* in replevin,

or, *second,* in trespass, or, *third,* give him notice under the statute, by which last he would waive the two others and elect to rely solely on the indemnity bond provided by the statute (if it be given), which must be a binding obligation, with solvent sureties, returned to and deposited with the justice, so that the claimant may, in the name of the officer to whom the bond is payable, prosecute his or her action upon the bond, and recover such damages as the jury may assess.

5.  **Trespass:** SIGNER OF INDEMNITY BOND: CO-TRESPASSER.  One who signs a bond to stimulate a constable to levy on the property of one to satisfy the debt of another is a co-trespasser with the officer.

*Appeal from the Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*A. W. Anthony, A. L. Ross* and *D. E. Wray,* for appellants.

(1)  The taking of a solvent indemnifying bond by defendant Inge, as constable, as required by statute was a complete defense to this action.   Hence plaintiff's dismissal of her action against said constable.   The taking of said bond by the constable not only protects him but is a protection to his deputies summoned by him, while they are acting under his authority and direction.   The deputies cannot be denied the same protection the law gives to the constable by reason of the taking of the bond.   R. S. 1889, sec. 6313; *Railroad v. Castello,* 30 Mo. 124; *Dodd v. Thomas,* 69 Mo. 364; *State ex rel. v. Platte,* 52 Mo. 466; *State ex rel. v. Watson,* 30 Mo. 122.   (2)  It follows that instructions, numbered 3, 4 and 6, asked by defendants and refused by the court, should have been given.   (3)  This is an action charging a trespass upon the property of plaintiff, Zillah Palmer, and no recovery can be had in this case except upon the theory that it was her separate property, and that the officer making the levy failed to take a bond of indemnity as required by law.   And

the question of John W. Palmer's exemptions was not a matter to be submitted to the jury except as declared in defendants' refused instruction, numbered 5, when taken together with the other instructions asked by defendants. Said instruction should have been given. (4) Defendant Keevil was not rendered a trespasser by simply buying at the constable's sale, and defendants' refused instruction, numbered 1, should have been given.

*B. R. Richardson, Edwards & Davidson* and *Draffen & Williams*, for respondent.

(1) The appellants' first assignment of error, predicated upon the action of the trial court in striking out part of the answers, cannot be sustained. *First.* The ruling of the court, in that particular, cannot be reviewed here. It was not called to the attention of the court below in the motion for new trial. *Acock v. Acock*, 57 Mo. 124. *Second.* The part of the answers stricken out contained no defense, and the action of the court was manifestly right. The answers of these defendants did not set up anything about an indemnifying bond, etc. The sole reliance, as a complete defense, was that they acted under the orders of the constable. The command of an officer executing a civil process possesses no such sanctity. The law is not so written. *Hooker v. Smith*, 19 Vt. 151; *Elder v. Morrison*, 10 Wend. 128; *Peckham v. Glass Co.*, 9 Mo. App. 456–463. (2) The third, sixth and seventh instructions, asked by the defandants, were properly refused. All who aid in making an illegal levy are liable as trespassers. "And this is so, even where the officer commands their aid and assistance." *Peckham v. Glass Co.*, 9 Mo. App. 463; *Elder v. Morrison*, 10 Wend. 128. (3) The fourth instruction asked by the

defendants could not properly have been given. There was no evidence to justify it. No such issue as that submitted by this instruction was raised by the pleadings. It is error to submit to the jury, by the instructions, issues not made by the pleadings. *Gessley v. Railroad*, 26 Mo. App. 156; *Fairgrieve v. Moberly*, 29 Mo. App. 141. It was unnecessary for plaintiff to make any claim or give any notice of her ownership. "If an officer takes the property of one not the defendant in the execution, he is guilty of a trespass without regard to notice, and would be liable to an action therefor." *State ex rel. v. Rucker*, 19 Mo. App. 537. (4) It is sufficient answer to the complaint of the refusal of the first instruction to say, that in addition to buying the piano at the sale, permitting it to be sent to his house and claiming it as his own, defendant Keevil also signed some kind of an indemnifying bond to the constable, thereby inducing him to go on with the levy. This, of itself, was sufficient to make him liable. Freeman on Executions, sec. 273, p. 445; *Peckham v. Glass Co.*, 9 Mo. App. 459.

GILL, J.— The plaintiff instituted her action in the circuit court of Morgan county against the present defendants, and J. L. Inge and J. D. Hubbard, to recover damages for the taking and carrying away by the defendants of a piano, sewing machine and heating stove belonging to plaintiff. The suit was subseqently dismissed as to Hubbard and Inge. Defendants, Keevil, Shenkel and Aiken joined in an answer, denying generally the allegations of the petition, and alleging that Shenkel recovered a judgment against plaintiff's husband, J. W. Palmer, for $27.12, and that the constable, under this execution, levied upon said property as the property of J. W. Palmer, and that the same was sold under said execution, and, at the sale, the defend-

ant Keevil purchased the piano, Aiken the stove and Shenkel the sewing machine.

The defendants, Parsons, Self, W. B. Shenkel, Carpenter, Logan and Moon, joined in an answer denying generally the allegations of the petition, and pleading specially the rendition of a judgment against J. W. Palmer, the levy of an execution issued upon said judgment upon this property, and that defendants were called upon by the constable to aid and assist him in the matter of the levy, removal and sale of the property described in the petition, taken as the property of the defendant in said execution, and that all that the defendants did was under the orders of the constable.

The court, upon the plaintiff's motion, struck out all of the new matter set up in said answers on the ground that it was not alleged therein that the property levied upon was the property of the defendant in the execution; and that it was no defense that the defendants were called upon by the constable, as pleaded in the last answer above, to assist him in taking the property under an execution against J. W. Palmer, if it, in fact, belonged to plaintiff. Upon the trial the plaintiff disclaimed ownership of the stove, and offered evidence tending to show that the piano and sewing machine were her separate property, and that the same were taken away from her house by the defendants, and the value thereof. The issues were tried before a jury with a verdict and judgment for the plaintiff, and the defendants appealed.

I. The first error assigned relates to the court's action in striking out portions of the defendants' answers. Although exceptions were saved at the time the motions were passed on, yet the defendants failed in their motion for new trial to again call the court's attention to this matter. Under the well-settled rule in this state, then, we cannot review such matter on

this appeal.    Before calling on this court for relief, it is
made the duty of the complaining party first to ask
the trial court to correct its own errors.    *Crow, Harga-
dine & Co. v. Stevens*, 44 Mo. App. 137, and cases
cited.

II.    The defendants next complain of the court's
action in declining to give their instructions, num-
bered 3, 4 and 6.    The main defenses sought to be
interposed by these instructions relate to matter set up
as special defenses in the answers (but which the court
on motion struck out) and were these in effect:    That
the defendants only performed such services in carry-
ing away the plaintiff's goods as they were commanded
to by the constable; that they assisted in levying on
the property and carrying same away because called
on so to do by said constable.

Now such matter of defense had no place in this
case, and for two reasons.    In the first place the plead-
ings, as they stood at the trial, contained no allegations
covering such defense.    After the motions striking out
the portions of the answers had been sustained, the
only defenses left were those of general denial.    This
matter contained in these instructions was necessarily
such as ought to have been specifically pleaded—if
indeed it constituted any legal defense at all.    Hence,
the instructions, so refused, were improper, because
not justified by the pleadings.    And besides this it
was no defense to prove that defendants only acted
jointly with the constable, and by his request or com-
mand, in levying upon and carrying away plaintiff's
property on an execution against another.    The con-
stable and all who directed, aided or encouraged him
in such unlawful levy were joint trespassers and each
and all liable therefor.    "And this is so even where
the officer commands the aid and assistance" of such
other parties.    *Peckham v. Lindell Glass Co.*, 9 Mo.

App. 459; 2 Freeman on Executions, sec. 273; *Elder v. Morrison*, 10 Wend. 128; *Hooker v. Smith*, 19 Vt. 151–156.

The defendants' fourth instruction sought to absolve from liability the defendants who aided in taking plaintiff's goods, because of a supposed bond of indemnity that was given by the execution plaintiff, said instruction declaring if such bond was taken by the constable that then neither he nor the defendants who assisted in making the levy could be held liable in an action by the plaintiff. It may be said of this as of the other refused instructions noticed above, that no such defense is set out in defendants' answer. But more than this the evidence fails to show that any such bond was given and filed with the justice of the peace, as is required to exempt the constable from liability in such cases. When a person other than the execution debtor claims in the manner provided the goods levied on by the constable, the statute, sections 6311, 6312 and 6313, Revised Statutes, 1889, marks out a way by which the officer may relieve himself of the embarrassment and exempt himself, too, of any liability. He may demand an indemnity bond of the execution plaintiff; and, "if such bond and security be given, it shall be returned to the justice with the execution, and the claimant may, in the name of the officer to whom the bond is payable, prosecute his or her action upon the bond, and recover such damages as the jury may assess." R. S. 1889, sec. 6312. Then follows section 6313, which reads: "The claimant shall have a copy of the bond, and, when necessary, may require the justice to produce the original in any court of record; and, after the due execution of such bond, he shall be barred of his right of action against the officer unless the obligors in the bond shall become insolvent," etc.

Now it does not appear that Mrs. Palmer, as claimant of the property levied on, ever gave notice of her claim to the constable as provided in said section 6311. If, then, the constable took an indemnifying bond from the execution plaintiff it was not because of a claim made by Mrs. Palmer under the provisions of said section. When the constable levied on her property to satisfy the ·debt of another, Mrs. Palmer had the choice of two or more remedies. She might have sued the constable in replevin or in trespass, or she might have given notice of her claim to the constable as provided by the statute, and by that act she would be deemed as having elected to resort to an action on the constable's indemnifying bond, and to give up any right of action against the constable or his co-trespassers individually. *Bradley v. Holloway*, 28 Mo. 150; *Dodd v. Thomas*, 69 Mo. 364. But as she declined to give such notice there was no waiver of the action of trespass. The mere existence then 'of such a bond, given by the execution plaintiff to encourage the constable to levy on Mrs. Palmer's property, did not bar her action in trespass. And, [again, it seems that though the constable required and obtained some kind of an indemnity bond from the plaintiff in the execution, yet it does not appear that said officer ever returned the same to the justice, as the statute demands, and where it might be obtained and sued upon by the claimant of the property. On the other hand, the constable only accounts for the bond by testifying that "*it is lost.*" The bond that may be taken by the officer, and which may stand as a security for the claimant's damages, .and in ·lieu of a right of action against the constable, must be a binding obligation, with solvent securities, returned to and deposited with the justice, so that the "*claimant may,* in the name of the officer to whom the bond is payable, *prosecute his*

*or her action upon the bond,* and recover such damages as the jury may assess." R. S. 1889, sec. 6312.

III. It seems admitted that the defendant Keevil was a surety on the bond given by the execution plaintiff to stimulate the constable to levy on Mrs. Palmer's property to satisfy the debt of another. He was then a co-trespasser and responsible for the damages thus done to this plaintiff. This is the uniform holding in such cases. *Wetzel v. Waters,* 18 Mo. 396; *Kamerick v. Castleman,* 29 Mo. App. 658; *Peckham v. Lindell Glass Co., supra;* 2 Freeman on Executions, 273.

We discover no just cause for complaint as to the rulings of the trial court in matters of evidence. The issues seem to have been fairly tried, and, as we fail to find any substantial error, the judgment will be affirmed. All concur.