In re Estate of LACLEDE J. HOWARD, Deceased; MARY HOWARD, Appellant, v. STRODE, Administrator, Respondent.

St. Louis Court of Appeals, December 3, 1907.

1. **BILL OF EXCEPTIONS: Filing After Term: Continuance: Motion in Arrest.** The continuance of a motion in arrest of judgment to a subsequent term does not carry with it the right to file a bill of exceptions taken during the term from which the cause was continued, because such a motion goes only to errors and deficiencies which appear on the face of the record and need not be incorporated in the bill of exceptions.

2. ——: ——: ——: **Motion for New Trial.** The continuance of a motion for new trial carries with it to a subsequent term the right to file a bill of exceptions at such subsequent term, embodying those exceptions taken in the progress of the trial which must be called to the attention of the trial court in a motion for new trial.

3. ——: **Motions: Motion for New Trial.** The ruling of the trial court on certain motions may be reviewed without being mentioned in a motion for new trial, such as those made after judgment and such as aim to dispose of the entire cause without trial. But rulings on another class of motions (which are enumerated) can not be reviewed unless exceptions are saved at the time and the attention of the trial court called to them in a motion for new trial, although such motions do not necessarily occur in the actual trial of the cause.

4. ——: ——: ——: **Continuances.** A motion for new trial when continued to a subsequent term will not carry with it exceptions which are not required to be mentioned in the motion.

5. ——: ——: ——: ——: **Administration: Allowance of Widow.** In a proceeding by a widow for an allowance under section 106, Revised Statutes 1899, on appeal to the circuit court, plaintiff moved the court for leave to take a nonsuit which mo-

tion was denied and plaintiff excepted and judgment was rendered against her. At the same term plaintiff filed a motion for new trial, calling attention to the alleged error and exception, which motion was continued to a subsequent term. This carried with it the right to file a bill of exceptions at the subsequent term preserving the exception to the ruling on the motion.

6. PRACTICE: Probate Courts: Right to Dismiss Cause. Ordinarily a plaintiff may dismiss his cause at any time before its submission to a court or jury (section 639, Revised Statutes 1899), and this applies to a proceeding by a widow for an appropriation out of the assets of her husband's estate under section 106, Revised Statutes 1899.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

REVERSED AND REMANDED.

*John J. O'Connor* for appellant.

(1) The plaintiff in any action at law or in equity has the right, at any time before the cause is finally submitted to the jury or to the court, to take a nonsuit or dismiss his cause. And this is true even when the cause happens to be an appeal from the probate court to the circuit court. This right is given to appellant 42 Mo. App. 376; Lawrence v. Shreve, 26 Mo. 492; Wood by section 639, Revised Statutes 1899. Wilson v. Stark, v. Nortman, 85 Mo. 303; Horris v. Beam, 46 Iowa 118; Morrissey v. Railroad, 80 Iowa 314. It was therefore error for the trial judge to refuse plaintiff leave to take a nonsuit or dismiss her cause, she had a right to do either because the cause had not been submitted to the jury or judge. Houston's Adm. v. Thompson's Adm., 87 Mo. App. 63; Atkinson v. Carter, 101 Mo. App. 477; Hansley v. Peck, 13 Mo. 587. (2) The judgment of affirmance was rendered at the October term, but the motion for a new trial was overruled at the December term. And the appeal granted and time for filing bill of exceptions fixed during December term. And bill thereafter filed within the time so allowed, will

be considered as if it were filed at the same term in which the trial took place, because the judgment is not final until the motion for new trial is overruled.   Warren v. Railroad, 122 Mo. App. 256; State ex rel v. Smith, 104 Mo. 419; Thomas v. Thomas, 64 Mo. 353.

*Johnson, Houts, Marlatt & Hawes* for respondent.

(1)   The petitioner having failed and refused to prosecute her appeal from the probate court, the circuit court was compelled by the Statute to affirm the judgment.   R. S. 1899, sec. 1557.   (2)   Perfecting the appeal does not constitute prosecution of it.   The appellant must appear and try the case to avoid affirmance. Kane v. Tuohy, 80 Mo. App. 352-3; Holloman v. Railroad, 92 Mo. 286; Williams v. Lewis, 47 Mo. App. 659; Chadbourne v. Hogeman, 7 Mo. App. 561.   (3)   Appellant has saved no exception to the action of the court in refusing leave to take a nonsuit or dismiss her action, because no term bill of exceptions was filed at the term.      State v. Larew, 191 Mo. 196; State v. Taylor, 134 Mo. 136; Hurt v. King, 24 Mo. App. 596; Smith v. Baer, 166 Mo 392; Pace v. Roberts, 103 Mo. App. 668; Crossland v. Admire, 118 Mo. 91; Schwoerer v. Christopel, 64 Mo. App. 85; Kidder v. Wright, 72 Mo. App. 378; Breed v. Hobart, 187 Mo. 145.   (4)   The court ruled correctly in refusing to allow appellant to take a nonsuit or dismiss her action.   Butler v. Pierce, 115 Mo. App. 40; Benoist v. Murrin, 48 Mo. 48; St. John's Lodge v. Callender, 4 Ired. 342; R. S. 1899, sec. 286; Cloud v. Wylie, 29 Ark. 30.

GOODE, J.—This appellant, Mary Howard, claiming to be the widow of Laclede J. Howard, deceased, filed on May 12, 1905, in the probate court of the city of St. Louis, her petition under section 106 of the Revised Statutes of 1899, for an appropriation out of the assets of the estate in lieu of the grain, meat and other

provisions allowed a widow and family of a deceased husband for a year's support by section 105 of the statutes. This petition was heard on January 13, 1906, and judgment rendered against the petitioner, who took an appeal to the circuit court. The cause came on to be heard in the latter court on October 31, 1906, and among other motions and pleas the petitioner filed an application for a continuance on the ground of surprise and the absence of material witnesses, setting out what she believed said witnesses would testify. This application having been overruled, appellant asks leave to take a nonsuit. This request was refused by the circuit court and an exception saved, and then appellant moved said court for leave voluntarily to dismiss her cause of action, but the motion to dismiss was likewise overruled on November 3, 1906, and an exception saved. Thereupon, on the same day, the circuit court entered a judgment affirming the judgment of the probate court for failure of appellant to prosecute her appeal from the latter court. The judgment of the circuit court recites that the petitioner refused to proceed in the case after her motions for a voluntary nonsuit and to dismiss had been overruled. All these proceedings were had at the October term, 1906, of the circuit court of the city of St. Louis, and at the same term and within four days from the rendition of the judgment against the petitioner, she filed a motion for a new trial in which, among other things, she complained of the refusal of the court to permit her voluntarily to dismiss her cause of action and also of the action of the court in rendering judgment affirming the judgment of the probate court. A motion in arrest was likewise filed on the same day (November 5, 1906) that the motion for new trial was filed. Those motions were continued until the ensuing or December term, 1906, and during said term, to-wit, on January 7, 1907, both were overruled; the appellant excepting to the orders. On

the same day an appeal was allowed to this court and time given for the filing of a bill of exceptions until February 10, 1907.   The bill of exceptions was filed February 2, 1907, which was a day of the regular December term, 1906.

1.    It is contended in behalf of respondent that we are precluded from reviewing appellant's exceptions because no term bill of exceptions was signed and filed at the October term, 1906, when the original exceptions were taken.    On the contrary it is insisted for appellant that if she filed motions for new trial and in arrest at said October term, and those motions were continued over to the next term and then disposed of, and a bill of exceptions filed at said later term, the carrying over of the two motions for new trial and in arrest, carried over the exceptions from the October term.   It is certain the motion in arrest did not have this effect, because such a motion does not reach those exceptions which must be preserved in a bill of exceptions, but goes only to errors, imperfections and deficiencies which appear on the face of the record without being made part of the record by a bill.   Therefore we shall inquire concerning the effect on appellant's exceptions of the continuance of the motion for new trial. The statutes (secs. 727, 728) say that whenever in the progress of the trial of a civil suit, either party shall except to the opinion of the court and write his exception, if the same is true, the court shall sign and allow it; and that such exception may be written and filed at any time within the term of court at which it was taken.    Further, that all exceptions taken during the progress of a trial before the same jury, shall be embraced in the same bill of exceptions.    Those statutes, if enforced literally, would require all exceptions taken during the progress of a cause to be saved by the filing of a bill of exceptions at the term when they were taken, without regard to whether a motion for new trial

was filed and disposed of during said term, or continued to the succeeding one. But many exceptions cannot be reviewed on appeal unless the trial court's attention is called to them in a motion for new trial, and an opportunity afforded for their correction before the appeal is allowed. [Cowen v. Railroad, 48 Mo. 556; Vineyard v. Matney, 68 Mo. 105; Ray v. Thompson, 26 Mo. App. 431.] In Walter v. Scofield, 167 Mo. 537, 547, 67 S. W. 276, it was said no errors except those apparent in the record proper will be reviewed unless they are called to the attention of the court of first resort in a motion for new trial. For this reason, and also in view of the provision in section 728 (R. S. 1899) that all exceptions taken during the progress of a trial of a cause, or taken before the same jury, shall be embraced in the same bill of exceptions, the statutes have been construed to mean that if a motion for new trial is carried over to a term subsequent to the trial and then overruled, the losing party may preserve for review, by bill of exceptions filed at said subsequent term, certain species of exceptions taken at the trial term and particularly those taken during the trial. [Riddlesbarger v. McDaniel, 38 Mo. 138; Henze v. Railroad, 71 Mo. 636, 644.] Respondent concedes this much, but contends that if a motion for new trial is carried over, a bill of exceptions filed at a subsequent term can save only such exceptions as were taken during the actual trial of the cause before a court or jury, and not exceptions taken to rulings on motions and other orders and rulings which did not occur in the course of the trial. Hence the argument is, with reference to the present cause, that as the only exceptions appellant took, or rather the only ones insisted on now, were the orders overruling her motions for nonsuit and dismissal, and as these exceptions did not occur on the trial of the cause (for in fact there was no trial) they could not be preserved by a bill filed at the December term. This

point is one of difficulty and we have been unable to
find a case in which it was directly decided.   In Hurt
v. King, 24 Mo. App. 593, the point in decision was that
if the motion for new trial was overruled at the trial
term, but a motion in arrest continued over, a bill of
exceptions filed during the term when the motion in
arrest was overruled, would not preserve exceptions
taken at the trial term.   As already said, this is the
law, for the reason that the purpose of a motion in ar-
rest is not to call attention to exceptions which become
part of the record by filing a bill of them, but to direct
attention to errors and imperfections apparent in the
record proper.   [State v. Larew, 191 Mo. 192, 196.]
But in the opinion in Hurt v. King, 24 Mo. App. supra,
remarks were made indicating that even if a motion
for new trial is carried over to another term and a bill
filed when the motion is overruled, this bill will pre-
serve only those exceptions taken on the trial of the
issues before the court or jury.   But on the other hand
the further remark was made that a motion for new
trial is necessary to save exceptions taken during the
trial and that it would be unreasonable to require the
filing of a bill of exceptions until the determination of
such motion; meaning that the trial court might sustain
the motion for new trial, in which event no appeal would
need to be taken or bill of exceptions filed by the party
against whom judgment had been given.   This was the
ground on which the opinion that first dealt with this
question put the right to save, in a bill filed at a sub-
sequent term, exceptions taken at a prior term if a mo-
tion for new trial had been carried over.   The lan-
guage of the opinion is:

"The statute intends that the exceptions shall be
written out and filed during the term, while the cause
rests in the breast of the court.   But where a motion
for new trial is made at the close of the term, there may
be good reasons for continuing it until the next suc-

ceeding term for final hearing. And until a final hearing and disposition of the motion, the whole matter would unquestionably rest in the breast of the court, and it would be competent for it, in its discretion for good cause, to sustain the motion and award a new trial. Until this result is reached, it cannot be said that the cause is finally determined. And as the statute requires all exceptions to be embraced in the same bill, it will be correct if filed at the term when the matter is disposed of."

The opinion in Henze v. Railroad, 71 Mo. 636, 644, in adopting the rule declared in Riddlesbarger v. Mc-Daniel, adverts to the clause of the statute requiring all exceptions taken during the trial to be preserved in one bill. The two reasons have a bearing on the decision of the point in the present case. If the bill of exceptions is allowed to be good if filed at the term when the motion for new trial was overruled, on the principle that it is necessary to call the trial court's attention to alleged errors by a motion for new trial and hence the necessity of a bill cannot be known until said motion is passed on, then in order to ascertain whether the present case falls within or without the principle, we would have to inquire whether the rulings of which appellant complains were of a kind that must be mentioned in a motion for new trial as a condition precedent to having them reviewed on appeal. On the other hand, if the rule has been prescribed because the statute says all exceptions taken during the trial of a cause or issue before the same jury, shall be embraced in the same bill of exceptions, and the word "trial" as here used, is given a strict technical meaning, the present instance would not fall within the reason of the rule, since there was no trial of the cause. The point was again discussed in Walter v. Scofield, 167 Mo. 537, 548, and the reasoning in the Riddlesbarger case adopted. It was held that there is no final judgment until a motion for new trial

is overruled and no proper case for an appeal or bill of exceptions. We shall accept this case as establishing the rule in question on the ground taken in Riddlesbarger v. McDaniel.

The matter is further embarrassed by loose remarks about the functions of the motion for new trial; which, in some opinions is said to be merely to direct the trial court's attention to errors alleged to have occurred during the actual trial of the issues. [Rigdon v. Ferguson, 172 Mo. 49, 52; 72 S. W. 504; Aultman v. Daggs, 50 Mo. App. 280, 288.] If this is the only purpose of a motion for new trial, such motion would not properly embrace alleged errors in rulings on motions which were not made during the actual trial. There are various motions, the rulings on which may be reviewed without being mentioned in a motion for new trial; for instance: (a) those made after judgment in a cause (Parker v. Waugh, 34 Mo. 340; Bruce v. Vogel, 38 Mo. 100; Parker v. Railroad, 44 Mo. 415; Slagel v. Murdock, 65 Mo. 522), or (b) to strike out an entire pleading, which motion is equivalent to a demurrer (O'Connor v. Koch, 56 Mo. 253), or (c) such as go to the whole cause and aim to dispose of it without trial (Aultman v. Daggs, 50 Mo. App. 280, 288). But rulings on another class of motions cannot be reviewed unless exceptions are saved when the rulings are made and afterwards the court's attention called to alleged error in its rulings in a motion for new trial. Such are: (a) motions for an allowance of alimony pendente lite (Curtis v. Curtis, 54 Mo. 351; Steele v. Steele, 88 Mo. App. 222) or (b) striking out parts of pleadings (Palmer v. Shenkel, 50 Mo. App. 571; Crow v. Mitchell, 44 Mo. App. 137, 139; Acock v. Acock, 57 Mo. 154) or (c) for a continuance (State v. Mann, 83 Mo. 589) or (d) motions to affirm the judgment of a justice of the peace for want of notice of appeal (Lewis v. Moxey, 9 Mo. App. 97) or (e) motions for change of venue (Wolff v. Ward, 104 Mo. 127, 16 S. W. 161, or (f)

motion for the award of a jury to assess damages in a condemnation suit (Railroad v. Carlisle, 94 Mo. 166, 7 S. W. 102). Motions of the latter class do not necessarily occur in the actual course of a trial of the cause. Hence, when the Supreme Court says the only function of a motion for new trial is to call attention to errors happening at the trial, it does not mean this literally. If it did the statement would be irreconcilable with the rule that errors in rulings on preliminary motions must be embraced in a motion for new trial. In St. Louis v. Brooks, 107 Mo. 380, 383, 18 S. W. 22, the distinction between the two classes of motions was noticed, and it was said that for purposes of review in an appellate court the rulings of the trial court on motions made after final judgment stand on a different footing from those made during the progress of a cause; and that the action of the lower court on motions of the first class, would be examined though no motion for rehearing or new trial was filed. In Aultman v. Daggs, 50 Mo. App. 280, the same matter was discussed and the same distinction drawn. In Crow v. Mitchell, 44 Mo. App. 137, which was an action of attachment and garnishment, plaintiff had filed motions to have portions of the garnishee's answer stricken out and those motions were overruled and an exception saved. But the matter was not mentioned in the motion for new trial; and in disposing of the errors assigned, this court said, that in order to have the error reviewed, it was not only necessary to preserve the exception to the ruling by a bill, but also requisite that the attention of the trial court be called to the alleged error in the motion for new trial. The question is whether the overruling of plaintiff's motions for nonsuit and to dismiss would be reviewable without the filing of a motion for new trial or rehearing. It was of course necessary for an exception to be saved by bill in order to have this matter reviewed. [Aultmann v. Daggs, supra.] But if no motion for new trial

or rehearing was necessary, then unquestionably the bill must have been filed at the time when the rulings were made; for no one will contend that a motion for new trial, when continued to a subsequent term, could carry over to such term exceptions which need not be mentioned in the motion. Appellant's motions for nonsuit and to dismiss appear to have been oral. They do not fall within either of the classes of motions above specified, the rulings on which may be reviewed on appeal, though the lower court's attention was not called to them in a motion for new trial. Appellant's said motions were filed prior to judgment, they did not go to an entire pleading or become part of the record proper, nor did the rulings on them dispose of the cause. After they were overruled it appears from the record that appellant refused to proceed further, and then a judgment was entered which disposed of the cause by affirming the judgment of the probate court on the ground that appellant had failed to prosecute her appeal. It is our opinion that by motion for new trial or rehearing, the trial court ought to be afforded an opportunity to revise its rulings on motions like those the appellant preferred, just as it should its rulings on a motion for continuance or change of venue, or to strike out parts of a pleading, or award a jury trial. If it is essential to the review of these rulings that they be mentioned in the motion for new trial, then logically the bill of exceptions might wait until the motion for new trial was overruled; because, as said before, it would not be known until then that the lower court would not change its rulings. We think the dicta scattered through opinions that the only purpose of the motion for new trial is to call attention to errors which occurred during the progress of the trial, cannot be appealed to as prescribing a rule of decision in cases like the present, in which, though there was no actual trial, the case was ended by a final judgment, and previously rulings had been made which the

losing party was entitled to have reviewed but could not have reviewed without filing a motion for new trial or rehearing.

Our attention is called to Smith v. Baer, 166 Mo. 392, 66 S. W. 166, as supporting the respondent's contention that appellant lost the benefit of her exceptions by filing her bill out of time. But in that case the exceptions which the Supreme Court refused to examine were taken at the October term, 1895; whereas the bill of exceptions was not filed until July 7, 1898, and the motion for new trial was not filed until the April term, 1897. Hence there was no motion for new trial carried over from the October term, 1895, to the term when the bill of exceptions was filed. It is clear in such a case, in the absence of a term bill of exceptions, the rulings are not subject to review. It may be that in passing on the error assigned in the refusal of the lower court to grant a jury trial of certain issues, the opinion in Baer v. Smith gives countenance to the contention in the present case. The court remarked in passing on said point, that what had been said regarding the previous exception was applicable; but said, too, the motion for a jury was made too late, as the case had already been referred. It is apparent the assignment of error was held devoid of merit; and after careful thought on the subject, we are of the opinion that in what was said about the necessity of a term bill of exceptions to preserve it, the court did not mean to hold the continuance to a later term of a motion for new trial would not carry over such an exception. Indeed this point was not discussed. In State v. Ware, 69 Mo. 332, no motion for new trial was filed at the term when the exception was taken to the action of the lower court on a motion for change of venue. Hence said action could not be reviewed in a bill of exceptions filed at a subsequent term. The same was true in State v. Taylor, 134 Mo. 109, 136, 35 S. W. 92. The defendant had been denied a certain motion at a term prior to

the trial term, but no bill of exceptions was filed at the
term when the ruling was made, nor was a motion for
new trial filed at said term and carried over.    In fact
such motion could not then have been filed, for the case
was not terminated by verdict or final judgment as was
done in the present case.    Similar facts will be found to
exist in the other cases in which a party, who had filed no
term bill of exceptions, was denied a review of rulings
made at a term prior to the trial term.    But in the case
at bar a motion for new trial was filed at·the term the
alleged erroneous orders were made and final judgment
given, and those orders, as we hold, ought to be mention-
ed in a motion for new trial and actually were mention-
ed in such motion, which was continued to a subsequent
term and overruled; whereupon a bill was filed to pre-
serve the exceptions to the rulings.    Under these circum-
stances the exceptions were duly preserved and may be
examined.

2.    The second contention of respondent is that ap-
pellant had no right to dismiss in the circuit court the
appeal she had taken from the judgment of the probate
court.    The ·argument is that a proceeding in the pro-
bate court is of the nature of an action in rem in which
the judgment ·is conclusive against every one; where-
fore everybody interested in the estate, as creditor,
heir, or legatee, is so much concerned in the speedy de-
termination of the matter that it is against public policy
to allow a dismissal.    It is not denied that ordinarily
in other courts, a plaintiff may dismiss his cause at any
time before its submission to court or jury; which, in-
deed, is the statute law of the State.    [R. S. 1899, sec.
639.]    But it is argued that probate procedure having
come down from the ecclesiastical courts knows nothing
of nonsuits or dismissals.    It is true that the adminis-
·tration of estates was originally vested in the spiritual
courts, but it is not true that the procedure of our pro-
bate court is identical with, or even similar to the an-

cient procedure of the spiritual courts. The practice of the probate courts in this State is of a simple character, and largely regulated by statute. [1 Woerner, Ad. L., sec. 149.] We know of no peculiarity of probate practice which necessarily, in every instance, precludes a suing party from dismissing his action when he chooses. As to some actions, for instance demands against the estate of a deceased person, a claimant has his choice to proceed in the first instance either in the circuit court or the probate court. [R. S. 1899, secs. 188, 191.] Sure-. ly there can be no reason for saying such claimant might dismiss his action, if he proceeded in the circuit court, but could not dismiss it if he proceeded in the probate court. [Houston's Admr. v. Thompson's Admr., 87 Mo. App. 63.] In an action to contest a will which must be instituted in the circuit court but is regarded as practically an appeal from the judgment of the probate court probating the will, the contestants are not allowed to dismiss, because the proceeding is *in rem* and the estate cannot be administered until the will is established or rejected. [Benoist v. Murrin, 48 Mo. 84.] But this proceeding is a very different one and no such embarrassment to the estate would follow from the appellant's claim being left in abeyance, as will be shown. If we are governed by decisions relating to appeals from justices of the peace, it does not alter the matter that there had been a trial in the probate court and a judgment there. On appeal from the probate court a case is heard in the circuit court *de novo* the same as on an appeal from a justice of the peace. [R. S. 1899, sec. 285.] But on appeal from the judgment of a justice to the circuit court, a plaintiff may dismiss his action in the latter court, thereby vacating and annulling the judgment of the justice. [See Lee v. Kaiser, 80 Mo. 431, and cases cited in the opinion.] It seems to be the law that the practice on appeal from a probate court is *mutatis mutandis* like that on appeal from a justice.

[Westpheling v. Euright, 60 Mo. 279.] This is not a demand by a creditor, but one of a peculiar character allowed by the statute in favor of the widow of a decedent. But we do not see why that fact should be ground for denying the appellant the privilege of dismissing her action if she was not prepared to go to trial. The principle on which a suing party is permitted to dismiss his cause is that his adversary will be in no worse plight after the dismissal than he was before; whereas if the case is forced to trial, there may be a miscarriage of justice from the plaintiff not being prepared to try. [Houston v. Thompson, supra.] Apart from a statute the right is, to some extent, limited by a consideration of the harm which may result to the defendant from a dismissal. [14 Cyc. 406.] Appellant may not have been ready for trial when her case was called; she asserts she was not, and, indeed she asked for a continuance. Instances of dismissals of suits against administrators and executors, without prejudice to the right to sue again, can be found. [Haydon v. Kale's Admr., 7 Ky. Law Rep. 375; Beaty v. Downing, 96 Va. 451.] The only reason assigned why the appellant should have been refused the privilege of dismissal is that the administration of the estate might be postponed indefinitely by successive presentations of appellant's claim and dismissals of it. The answer to this argument is that the appellant does not have unlimited time in which to demand her allowance as widow. What she is asking for is a money allowance in lieu of grain, meat and other provisions granted by the statute out of the estate of a decedent, for the support of his widow and children for twelve months. We think the allowance must be applied for within the twelve months; but if not, undoubtedly it would have to be applied for, like the other allowances to the widow, before the personal property is distributed or sold. It was decided in Dowry v. Bauer, 69 Mo. 155, that the right of the widow in such cases is statutory

and that if she fails to demand what the statutes give her before the property has been disposed of by distribution among the heirs or legatees, or by sale for the payment of debts, she will be denied her portion.

The judgment is reversed and the cause remanded. All concur.