THEODORE W. C. BOHN, Respondent, v. PETER JACOB LUCKS, Appellant.

St. Louis Court of Appeals, June 4, 1912.

1. **APPELLATE PRACTICE: Record Proper: Motion for New Trial.** A motion for a new trial is not part of the record proper.

2. ———: **Review: Matters of Exception.** The overruling of a motion to set aside a default presents a matter of exception only, which must be preserved and exemplified, on appeal, by a proper bill of exceptions.

3. ———: ———: ———: **Function of Motion for New Trial.** All matters of exception occurring at the trial or throughout the proceedings, from first to last, must be brought to the attention of the trial court by a motion for a new trial to afford it an opportunity to revise the same, or they will be considered waived.

4. ———: ———: ———: **Exemplification of Motion for New Trial.** A motion for a new trial may only be preserved for review in the appellate court by incorporating it, together with an exception to the order overruling it, in a bill of exceptions, filed after final judgment; and the motion, thus filed and exemplified, operates to render reviewable every exception therein referred to, which has been properly preserved by term bills or in the final bill.

5. **BILLS OF EXCEPTIONS: Term Bills: How Preserved.** Sections 2028, 2029, Revised Statutes 1909, authorizing the taking of exceptions at any time, contemplate that exceptions taken during the term prior to the term at which final judgment is entered shall be preserved by a term bill of exceptions, and that all term bills shall be assembled in one general bill,

which incorporates the motion for a new trial or other appropriate motion for review after final judgment.

6. **APPELLATE PRACTICE:** Review: Matters of Exception: Bills of Exceptions. The overruling of a motion to set aside a default, to which an exception was saved by a term bill of exceptions, cannot be reviewed, on appeal from a final judgment, rendered at a subsequent term, unless such ruling is made one of the grounds of a motion for a new trial, filed within four days after the rendition of the final judgment, and unless such term bill, as well as the motion for a new trial and an exception to the overruling thereof, are incorporated in the general bill of exceptions.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer,* Judge.

AFFIRMED.

*Buder & Buder* and *A. W. Wenger* for appellant.

*George W. Lubke* and *George W. Lubke, Jr.,* for respondent.

The law allows but one bill of exceptions, which must be made up at the conclusion of the trial, and all exceptions taken at previous terms of the court and preserved by term bill must be embraced in such final bill, otherwise they are regarded as waived. The statute is mandatory. Dougherty v. Whitehead, 31 Mo. 257; Pearce v. Shoe Co., 103 Mo. App. 662; Fendrich v. Lloyd, 129 Mo. App. 457. The exceptions must all be embodied in a bill filed after final judgment. Smith v. Baer, 166 Mo. 401; Atchison v. Railroad, 94 Mo. App. 572. And it must also follow that if there is no bill of exceptions after the final judgment, the exceptions noted by previous term bills are likewise waived. An exception legally preserved by defendant to the refusal of the trial court to set aside its final judgment is essential to give the appellate court the right to review it. Bradbury v. Kerns, 115 Mo. App. 99.

NORTONI, J.—This is a suit for damages accrued on account of a breach of contract. The finding and judgment were for plaintiff and defendant prosecutes the appeal.

The question for consideration relates to our right to review the subject-matter in the absence of a motion for new trial, made after final judgment, and bill of exceptions. The only error assigned here pertains to the action of the trial court in declining to set aside a default theretofore entered during the same term against defendant. An exception was duly preserved to the ruling of the court, in refusing to set the default aside, by a term bill of exceptions, and is thus exemplified here; but the appeal was not perfected until a subsequent term of the court, at which an inquiry of damages was had and final judgment given. It is from this final judgment the appeal is prosecuted, but without a bill of exceptions made thereafter, preserving and presenting a motion for a new trial.

It appears plaintiff instituted his suit in due time for the December, 1907, term of the circuit court, and that the sheriff served the original writ of summons, together with a copy of the petition attached thereto, upon defendant in season for such December term. The December term convened on Monday, December 2, 1907, and under the statute and rule of the court, it was defendant's duty to answer the petition on or before December 5th. No appearance in response to the summons was made by defendant, and thereafter, on December 12, the court entered a default against him. Several days later, defendant appeared by attorney—on December 21—and filed his motion to set aside the default, alleging that, though he had read the petition, he omitted to notice the summons attached thereto and was, therefore, not advised as to the time when he should appear. Subsequently, during the same term, defendant filed supplementary motions and set out other and additional facts tending to show that he had

a meritorious defense to the action. The motion to set aside the default and the several supplements thereto, filed during the December term, were passed or continued until the following February, 1908, term of the court. During the February term, the motion to set aside the default was considered by the court and overruled. To this ruling an exception was duly saved by defendant and preserved by a term bill of exceptions during the February term, 1908. But nothing further was done in the case for about two years thereafter. It appears to have been continued from term to term until, on April 13, 1910, an inquiry of damages was had by a jury. On this inquiry, the verdict was for plaintiff and final judgment was entered thereon in the amount of $800 against defendant. Thereafter, during the same term, this appeal was prosecuted from that judgment.

It is urged by the appellant that the court abused its discretion in declining to set aside the default and in overruling his motion to that effect at the February term, 1908. But plaintiff insists the question is not before us for review, for the reason that no bill of exceptions whatever was made up and filed after final judgment in the case, to the end of presenting here the exception written and taken by the term bill during the February term, 1908. It is said, too, that, as there was no bill of exceptions made up and filed after final judgment, the motion for a new trial is not before us for review, for, obviously, such motion is not part of the record proper. The ruling of the court complained of in this appeal relates alone to its refusal to set aside the default or, in other words, the overruling of defendant's motion to that effect. No one can doubt that such ruling on a mere motion of this character presents for consideration a matter of exception only, which must be preserved and exemplified on appeal by a proper bill of exceptions. [See Pedrorena v. Hotchkiss, 95 Cal. 636; see, also, 3 Ency. Pl. &

Pr., pp. 392, 393, 394, 395. See, also, In re Howard's Estate, 128 Mo. App. 482, 106 S. W. 116.] Saving certain after-judgment motions, not necessary to mention, it is the established rule of decision with us that all matters of exception occurring at the trial or throughout the proceedings, from first to last, must be brought to the attention of the trial court in a motion for a new trial, in order to afford that tribunal an opportunity to revise the same, or they will thereafter be considered and treated as waived. [See State v. Brannan, 206 Mo. 636; 105 S. W. 602; In re Howard's Estate, 128 Mo. App. 482, 106 S. W. 116.] The motion for a new trial may only be preserved and exemplified for review in the appellate court by incorporating it, together with an exception to the overruling thereof, in the bill of exceptions made up and filed after final judgment in the cause. The motion for a new trial, thus filed and exemplified in the bill of exceptions after final judgment, reaches throughout the proceedings, and operates to render reviewable each and every exception therein referred to which has been properly preserved by term bills or in the final bill throughout the whole proceeding. [See State v. Larew, 191 Mo. 192, 89 S. W. 1031.] Unless such motion for a new trial, duly filed and overruled, is preserved in the bill of exceptions, together with an exception to the ruling of the court thereon, there is no matter of exception open for review on appeal, and the appellate court may consider the record proper only. [See Roden v. Helm, 192, Mo. 71, 90 S. W. 798.] As there was no bill of exceptions filed after final judgment, the motion for a new trial, which is set out in the abstract of the record, is not reviewable here, and, therefore, the exception preserved in the term bill to the ruling of the court complained of must be treated as waived.

But it is said defendant saved its term bill of exceptions, and the statute provides that when exceptions

are duly saved and written and the bill is signed by the judge and duly filed, it shall become a part of the record. Because of this, it is argued, the exception preserved in the term bill should be reviewed though the motion for a new trial was not preserved or a final general bill of exceptions made up and filed after judgment. The argument suggests the thought of a special bill of exceptions, which formerly prevailed, but, obviously, it was the design of our statute to abolish this practice. Sections 2028, 2029, Revised Statutes 1909, authorize the taking and writing of exceptions at any time, etc. The statutes clearly contemplate that those exceptions, taken during the term prior to the term at which final judgment is entered, shall be preserved by a term bill of exceptions, as was done here. Such is the practice which usually prevails in other states as well. [See. 3 Ency. Pl. and Pr., 385, 386.] Indeed, our Supreme Court has long since said that our statutes contemplate but one bill of exceptions in which all prior exceptions must be incorporated, and added, "The matters excepted to during the trial are noted at the time, and after the trial is over and the motion for a new trial or other appropriate motion is overruled, a bill of exceptions is prepared stating the matters excepted to in the order in which they occurred during the trial." [See Dougherty v. Whitehead, 31 Mo. 255, 257.] It is evident the rule requires that all prior term bills of exceptions shall be assembled in the one final or general bill of exceptions, which incorporates the motion for a new trial or other appropriate motion for review after final judgment. Such has been the understanding of the profession and the courts have frequently proceeded as though the course suggested is the proper one to pursue. [See Pace v. Roberts, Johnson & Rand Shoe Co., 103 Mo. App. 662, 78 S. W. 52; Smith v. Baer, 166 Mo. 392, 401, 66 S. W. 166.] The term bill of exceptions here contains no motion for a new trial, and it would have

been an erroneous idea to have filed such a motion at that time and incorporated it therein, for an appeal would not lie under any circumstances from the mere interlocutory judgment of default. Before an appeal could be prosecuted, it was essential to await the rendition of final judgment, as was done, and then interpose the motion for a new trial within four days after such judgment, and thus, by apt reference, raise the question of exceptions preserved in the term bill, two years before. Obviously, unless this term bill of exceptions is brought within the purview of the motion for new trial by incorporating it into a final, general bill, preserving such motion for a new trial and an exception to the overruling of the same, the subject-matter of the term bill is waived.

The record proper appears to be sufficient to support the recovery, and, as the matter of exception complained of is not open for review, the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.