JAMES H. BROOKS, Respondent, *v.* CHARLES BOSWELL, Appellant.

*Practice—Depositions—Rules.*—Courts may adopt any rules of practice not in conflict with the law. There is no error in refusing to entertain formal objections to depositions, exceptions not having been filed within the time limited by rule of court.

*Appeal from St. Louis Court of Common Pleas.*

*T. T. Gantt,* for respondent.

*S. Knox,* for appellant.

BAY, Judge, delivered the opinion of the court.

This was a suit on a negotiable promissory note executed by defendant and made payable to the order of plaintiff; judgment being rendered for the plaintiff, the defendant appeals to this court.

Upon the trial no instructions were asked or given, and no point is saved by the record except the overruling of the motion to suppress the depositions of Robert Hill and Collins D. White, taken on behalf of the plaintiff. The exceptions to the depositions were of a formal character, and had no reference to the competency or relevancy of the evidence. Among the rules of practice adopted by the court below, is the following of long standing:

"Rule XXXII.—All exceptions to depositions, exclusive of those on account of competency and relevancy, shall be considered waived, unless the exceptions be filed in writing within six days from the commencement of the next term,

if the deposition be filed in vacation; and if said deposition be filed in term time, within five days after notice thereof served on the attorney of the opposite party; and if the deposition be not filed within five days before the trial, all such exceptions shall be determined before the jury is sworn, and when practicable shall be disposed of on a law day if one precede the trial of the cause."

Because of the non-compliance with this rule, the court overruled the motion to suppress the depositions, and in this there is no error, for the authority of the court to adopt any rule of practice not in conflict with the law cannot be questioned.

Let the judgment be affirmed, with ten per cent. damages; the other judges concurring.