# RIGDON v. FERGUSON et al., Appellants.

### Division One, February 18, 1903.

1. **Time for Pleading:** STRIKING OUT UNTIMELY ANSWER: RULE OF COURT: NO EXCEPTION. Where the rule of court requires "all pleadings to be filed within the time prescribed by law, unless leave of court be obtained to file the same out of time, which leave must be obtained before the time for pleading has expired," exceptions should be saved to the order of the court refusing to grant defendant in ejectment leave to file his answer after the time had gone by within which it was due by the statute, and even if so saved the appellate court will not interfere with the action of the trial court unless there is something in the case to indicate that it abused its discretion in the matter. Such a rule is reasonable.

2. **Practice:** FILING ANSWER: MOTION FOR NEW TRIAL. Where, previous to the trial, an application for leave to file an answer is denied, and no exception is then taken but after the trial a motion for a new trial is filed, one of the grounds assigned being the refusal of leave to file the answer, an exception to the overruling of that motion is not an exception to the refusal of leave to file the answer, because a motion for a new trial properly covers only that which occurred during the trial.

3. ———: ———: STRIKING ANSWER FROM FILES. After leave to file the answer had been refused by the court, the action of the defendants and of the clerk in filing it was in disobedience to the court's order, and the least the court could do was to strike it from the files.

4. ———: RULE OF COURT. When a rule of practice is adopted by the court and becomes known to the bar, it is the duty of the court to enforce it.

Vol 172 mo—4.

Appeal from Callaway Circuit Court.—*Hon. John A. Hockaday,* Judge.

AFFIRMED.

*N. D. Thurmond* for appellants.

The failure to file the answer was not the fault of defendants, except in so far as the negligence of the attorney was the negligence of defendants. The attorney offered to file answer as soon as it could have been filed after the time for filing had expired, and before judgment by default. The answer was a general denial, but in the affidavit accompanying the answer the defense set up was adverse possession for more than ten years. The failure to file answer in time did not indicate want of good faith. The same cause of action had been tried twice in the same court and defendants had made a successful defense which the court knew. Judah v. Hogan, 67 Mo. 252; Stout v. Lewis, 11 Mo. 438. Judge NAPTON says in Judah v. Hogan, 67 Mo. 252: "It would be tedious to refer to all of them, but my impression is that in every case where this court refused to interfere, there had been a judgment by default, or a verdict, or assessment of damages." It seems that in every case where the answer is filed before judgment and discloses a meritorious defense the appellate court will interfere with the discretion of the lower court in refusing to permit an answer to be filed out of time. Judge SHERWOOD says in Cooney v. Murdock, 54 Mo. 350: "Courts should . . . encourage and foster the trials of causes on their merits. . . . If the answer had been preserved and disclosed a meritorious defense, we should have held it an abusive exercise of discretion to have refused permission to file it, as it was already prepared, and no particular delay or hardship would have been occasioned by permitting it to be filed in term instead of vacation." Cooney v. Murdock, 54 Mo. 350; Howell v. Stewart, 54 Mo. 480; Scott v. Smith, 133 Mo. 618.

*D. H. Harris* for respondent.

VALLIANT, J.—This is an action in ejectment. The suit was filed August 16th, the writ served August 29th, the return day was December 10th, 1900, on which day court convened. No answer to the petition was filed by defendants during the first three days of the term. On the fourth day defendants, by their attorney, asked leave of court to file an answer; the court refused to grant the leave. It does not appear from appellants' abstract that any exception was taken to that action of the court. The defendants then filed their answer and with it an affidavit setting out the reason why they had not filed it within the time prescribed by the statute. A motion was filed by the plaintiff to strike the answer from the files and with the motion was filed an affidavit in support of it. There was at the time and had been for several years a rule of court in force in these words: "Rule 4. All pleadings must be filed within the time prescribed by law, unless leave of court shall be obtained to file the same out of time, which leave must be obtained before the time for pleading expires and must be made a matter of record. Disregard of this rule will subject the pleadings to be stricken out upon the motion of the adverse party." This rule was invoked by the plaintiff at the hearing of the motion. The court sustained the motion to strike out, to which action the defendants excepted, and when the cause was reached on the docket there was a judgment rendered for the plaintiff for possession. On the same day a motion for new trial was filed by defendants founded alone on the action of the court in refusing to grant leave to file the answer and in striking it out, which motion the court overruled and defendants excepted and bring the cause here by appeal. They assign for error the refusal of the court to allow defendants to file their answer.

So far as the abstract of the record shows, there was no exception taken to the refusal of the court to allow the answer to be filed. If the court committed

any error it was then.   After the refusal by the court of leave to file the answer the actions of the defendants and of the clerk in filing it were in disobedience to the court's ruling, and the least the court could have done was to strike it from the files.

If exception was not otherwise preserved to the action of the court in refusing leave to file the answer, it was not saved in the exception taken to the action of the court in overruling the motion for a new trial.   A motion for a new trial relates only to that which occurs during the trial.   The ruling on the application for leave to file the answer was no part of the trial and could not be embraced in a motion for a new trial.

There were affidavits pro and con on the motion to strike out.   They related to matters of fact that passed in the presence of the court, and of which the judge knew as much as the affiants.   He certainly knew better than we can know from the affidavits in the record  the facts in dispute, and was therefore better prepared to exercise a sound judicial discretion in the matter than is this court.

Whilst the disposition of the courts is to reach the merits of every controversy, yet they also recognize that there is an obligation on every party to a suit to take care of his own interests.   The orderly conduct of the court's business requires that a party be held to exercise a reasonable degree of diligence in bringing his side of the case to the court's attention.   This the party owes not only to himself but to the court and to the public in general who also have business before the courts.

It has always been the practice to require the parties to plead within a limited number of days named; our statute so requires, and justice also so demands. There is a discretion in the court to extend the time for pleading, but it is a judicial discretion to be used with good judgment.   There is nothing in this case to indicate that the court abused its discretion in refusing to allow the defendants to file their answer out of time.

That courts of record have authority to make

rules governing the practice before them, when in harmony with the law, is beyond question. [Brooks v. Boswell, 34 Mo. 474.] The rule invoked in this case was within the power of the court to make and was a reasonable regulation. When a rule of practice that is reasonable and proper is thus made and is known to the bar, it is the duty of the court to enforce it. If the court should disregard its own rule, it would thereby suffer the rule to become misleading to those who follow it, and work injustice.

We perceive no error in the court's rulings.

The judgment is affirmed. All concur.