A. M. TAYLOR, RESPONDENT, v. HEART OF AMERICA HOSPITAL ASSOCIATION, APPELLANT.*

Kansas City Court of Appeals. December 5, 1927.

18

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, section 1601, p. 1437, n. 71; Courts, 15CJ, section 275, p. 901, n. 12; section 288, p. 910, n. 12.

*L. C. Harper* for respondent.

*Ringolsky, Friedman & Boatwright* for appellant.

FRANK, C.—This cause originated in the justice court of Kaw township, its object being to recover of defendant corporation the sum of one hundred dollars paid by plaintiff to defendant corporation for a bond (or stock) of said corporation, which, it is alleged the plaintiff never received.

After judgment in the justice court, an appeal was taken to the circuit court, where, upon a trial *de novo*, plaintiff recovered judgment and defendant appealed.

At the threshold of the consideration of this case, we are confronted with respondent's request that the appeal be dismissed on account of appellant's failure to deliver to respondent a copy of its brief, points and authorities within the time prescribed by the rules of this court. Rule 15 of this court first provides for the filing of abstracts and briefs in this court by appellant. It then makes the following further provision:

"The appellant or plaintiff in error shall also deliver a copy of said abstract, brief, points and authorities to the attorney for respondent, or defendant in error, at least twenty days before the day on which the cause is docketed for hearing. . . ."

Rule 18 provides that if an appellant shall fail to comply with Rule 15, the court, when the case is called for hearing, will dismiss the appeal, or at the option of respondent, continue the cause, at the cost of the party in default.

There is no doubt about the authority of the court to promulgate rules of practice conducive to the orderly dispatch of cases pending before it, so long as it does not infringe the law in so doing. Speaking to this question, the Supreme Court, in Rigdon v. Furgeson, 72 S. W. 505, said, "That courts of record have authority to make rules governing the practice before them, when in harmony with the law, is beyond question."

In the case of Brooks v. Boswell, 34 Mo. 474, the question considered was the propriety of the trial court's action in refusing to suppress a deposition on the ground that the party moving to suppress had not complied with a rule of the trial court which provided that all exceptions to depositions, exclusive of those on account of competency and relevancy, should be considered waived, unless the exceptions be filed in writing within the time fixed in said rule. In deciding this question the court said: "Because of the noncompliance with this rule, the court overruled the motion to suppress the depositions, and in this there is no error, for the authority of the court to adopt any rule of practice not in conflict with the law cannot be questioned."

The noncompliance with Rule 15, in this case consists of appellant's failure to deliver respondent a copy of its brief, points and authorities, at least twenty days before the cause was docketed for hearing. An examination of our docket shows that this case was docketed for hearing on October 11, 1927. A copy of appellant's brief, points and authorities was delivered to respondent on September 22, 1927, which was nineteen days before the case was docketed for hearing. These facts are admitted, so there is no doubt about appellant's failure to comply with our Rule 15. Appellant's contention is that the only purpose of the rule is to afford respondent time and opportunity to prepare his brief, and if its failure to comply with the rule did not prejudice respondent in that regard, the appeal should not be dismissed.

It may be that no prejudice or injury resulted from appellant's failure to comply with our rule in this case, but if we should adopt appellant's theory, no infraction of this rule, however flagrant, would necessarily result in the dismissal of an appeal, but we would be required, in every case, to determine whether or not failure to comply with the rule resulted in harm to the opposite party. Such an interpretation of the rule would destroy its purpose and result in confusion and delay in the disposition of cases in this court. It is the duty of the court to enforce the rule as made. Of the duty of a court in this regard, the Supreme Court, in Rigdon v. Furgeson, 72 S. W. 504, 505, said:

"That courts of record have authority to make rules governing the practice before them, when in harmony with the law is beyond question. [Brooks v. Boswell, 34 Mo. 474.] The rule invoked in this case was within the power of the court to make, and was a reasonable regulation. When a rule of practice that is reasonable and proper is thus made, and is known to the bar, it is the duty of the court to enforce it. If the court should disregard its own rule, it would thereby suffer the rule to become misleading to those who follow it, and work injustice."

A like question was considered in State v. Robertson, 181 S. W. 987, 988, whereat the court said:

"The reports are full of interpretation and application of our rules of practice, and they should either be abrogated altogether or obeyed as interpreted. Our decisions cannot be ignored, and prosperity result. So, as said through our Brother GRAVES, in Harding v. Bedoll, 202 Mo. 629, 100 S. W. 638: 'These rules apply to all persons, all cases, and all representatives of clients alike, and must be construed in one case just as they have been or will be in another, irrespective of the case, the parties, or their counsel.' "

This case also quotes approvingly from 11 Cyc. 743, the following apt language:

"There are numerous cases which declare that rules of court should be adhered to both by parties litigant and the court, in all cases which fall within them so long as they remain in force, and that the court has no power in a particular case, where no discretion is reserved, to suspend or modify any rule which it has made."

Speaking of our Rule 15, the Supreme Court in State ex rel. Ry. Co. v. Smith, 72 S. W. 692, 694, said:

"If the appellant had failed to file and *serve* copies of its abstract and brief within the time required by Rule 15, then, beyond question, the appeal might have been summarily dismissed under the rule." (Italics ours.)

It may seem harsh that delay of one day in serving briefs should result in the dismissal of an appeal, but if we should refuse to dismiss the appeal in this case, we would be interpreting our rule to mean that no delay in serving briefs, whether long or short, is ground for dismissing an appeal, unless it be shown that such delay resulted in harm to the opposite party. We decline to so hold. The language of the rules is clear and positive. Rule 18 declares that the court will dismiss the appeal for noncompliance with Rule 15. It is our duty either to enforce the rules as written or abrogate them.

It results that the appeal in this case should be and is hereby dismissed. *Williams, C.,* concurs.

PER CURIAM:—The foregoing opinion by FRANK, C., is adopted as the opinion of the court. *Arnold* and *Bland,* JJ., concur; *Trimble, P. J.,* absent.