**STATE of Missouri ex rel. Donald GEERS, Circuit Clerk of St. Louis County, Missouri, Relator,**

**v.**

**The Honorable Herbert LASKY, Judge of the Circuit Court of the 21st Judicial Circuit of Missouri, Division No. 4, Respondent.**

**No. 54791.**

Supreme Court of Missouri, En Banc.

Jan. 12, 1970.

Rehearing Denied Feb. 9, 1970.

Joseph B. Moore, St. Louis County, Counselor, Thomas W. Wehrle, Deputy County, Counselor, James H. White, Asst. County Counselor, Clayton, for relator.

John P. Montrey, St. Louis, amicus curiae for respondent.

HOLMAN, Judge.

Original proceeding in prohibition. The relator is Donald Geers, Circuit Clerk of St. Louis County, Missouri, and the respondent is one of the circuit judges of that county. The relator seeks to prohibit respondent from proceeding further in cause M–96, the object of which is to punish relator for contempt by reason of his admitted violation of Rule 1–B of the Court en Banc of the 21st Judicial Circuit. On July 14, 1969, we issued our provisional rule. We have concluded that the provisional rule should be made absolute.

The Circuit Court of St. Louis County is composed of fifteen divisions with one of its fifteen judges being assigned to each division. Prior to May 23, 1969, the Court en Banc adopted Rule 1–B which reads as follows: "A qualified deputy clerk shall be assigned to each courtroom. The appointment or removal of the deputy clerk so assigned shall be approved by the judge of the division. Each such deputy clerk shall perform the regular duties required of such division and such other duties as shall be required by the judge of such division." On all the dates herein mentioned respondent was the judge of Division No. 4 of said circuit. On May 23 (all dates herein stated are in 1969) relator reassigned a deputy clerk that had been assigned to Division No. 4 and assigned another deputy to that division without the approval of respondent. By formal order entered on June 2, respondent indicated that he did not approve of the substitution of another person as the deputy clerk of said division and so advised relator. On June 9 respondent appointed Hon. John P. Montrey, an attorney, as amicus curiae for the purpose of proceeding against relator. On said date Mr. Montrey filed a verified petition in which he alleged the facts heretofore stated and prayed that the court issue its order to relator to appear in Division No. 4 on June 16 to make return and show cause why he should not be punished for contempt. Respondent sustained the petition and entered the order prayed for.

On June 16 relator appeared in said division and filed a motion to quash the order to show cause, which motion respondent overruled. On the next day relator filed his petition for prohibition in this court, a stop order issued, and our provisional rule followed.

As indicated by the foregoing, the basic question presented is the validity of Rule 1–B and particularly the second sentence thereof which provides that "the appointment or removal of the deputy clerk so assigned shall be approved by the judge of the division." (References to Rule 1–B hereinafter shall mean only this sentence.)

In his return respondent stated that "said rule was adopted not only in conformity with the statutes cited in paragraph 4 of said petition, but also in conformity with and under the inherent rule-making power of the Judges of the Twenty-First Judicial Circuit." The statutes referred to are §§ 483.080, 483.140 [1] and 483.-295 Mo.Cum.Supp. 1967.

It is the position of relator that the statutes mentioned do not authorize the adoption of the rule in question and while he concedes that the circuit court has the inherent power to adopt rules, he says that such power would not authorize the adoption of this rule.

The statutes upon which respondent relies are set out in full as follows:

> "*483.080.* Every clerk may appoint one or more deputies, to be approved by the judge or judges, or a majority of them in vacation, or by the court, who shall be at least seventeen years of age and have all other qualifications of their principals and take the like oath, and may in the name of their principals perform the duties of clerk; but all clerks and their sureties shall be responsible for the conduct of their deputies."

1. Unless otherwise indicated all statutory references are to RSMo 1959, V.A.M.S.

*"483.140.* It shall be the special duty of every judge of a court of record to examine into and superintend the manner in which the rolls and records of the court are made up and kept; to prescribe rules that will procure uniformity, regularity and accuracy in the transaction of the business of the court; to require that the return, trial, judgment and execution dockets, and all indexes to the records, be correctly made out at the proper time—that the papers be filed and the entries made, and that the duties of the clerks be performed according to law; and if any clerk fail to comply with the law, the court shall proceed against him as for a misdemeanor."

*"483.295.* In all counties of the first class now or hereafter containing more than seven hundred thousand inhabitants, the circuit clerk shall with the approval of a majority of the judges of the circuit court appoint his deputies and assistants and fix their salaries, and the deputies and assistants shall be paid out of the county treasury."

Relator was elected to a four-year term as Circuit Clerk of St. Louis County in 1966 and assumed office in January 1967. The County Charter in effect at the time of his election provided that the Circuit Clerk "shall have all the powers and perform all the duties provided by law, except as otherwise provided by this charter." Art. II, Sec. 4. The Charter further provided that "The Circuit Clerk shall have charge of the Department of Judicial Administration. He shall keep the records of the Circuit Court, manage its administrative and business affairs and perform other duties as prescribed by law or ordinance." Art. V, Sec. 72. We take judicial notice of the fact that, according to the report of the Judicial Conference of Missouri, the Circuit Court of St. Louis County disposed of 13,620 cases in the fiscal year ending June 15, 1969. In view of that fact it may be safely stated that the office of the circuit clerk has a very large volume of business, no doubt requiring the services of many deputies in addition to the fifteen assigned to the various divisions of court.

We do not see any provision in the statutory sections heretofore set out which would authorize the adoption of the rule under consideration. Section 483.080 provides for the appointment of deputies, their qualifications, powers, and provides that the clerk and his sureties will be responsible for their conduct. Section 483.140 makes it the duty of the judge to supervise the conduct of the clerk's office in a number of respects. However, we think it apparent that the legislature intended thereby to make it the responsibility of the judge to see to it that the clerk accomplish the end result in the respects mentioned and not that he supervise the detailed manner in which the clerk performs his various duties. Section 483.295 provides for the appointment of deputies and assistants and the fixing of their salaries. While the court is required to approve those appointments we do not think that section, once the appointments are approved, authorizes or requires that the court approve the assignment of the deputies by the clerk to their various duties. (In discussing this section we have assumed, but do not decide, that it is still applicable to St. Louis County. That is questionable since we understand that the Charter now provides that the employees of the clerk's office are under the merit system.)

Respondent also contends that the circuit court had the inherent power to adopt Rule 1–B. It has long been the law of this state that courts of record have the inherent authority to make rules governing the practice in and operation of said courts, provided the rules are in harmony with the law. Rigdon v. Ferguson, 172 Mo. 49, 72 S.W. 504. And, Criminal Rule 36.03, V.A.M.R., and Civil Rule 41.05 make the further proviso that such rules shall be supplementary to and consistent with our rules of procedure. It has also been held that if a rule exceeds the power of the court it is void. Pelz v. Bollinger, 180 Mo. 252, 79 S.W. 146.

In discussing inherent powers we have approved the rule that a court has the power " 'to do all things that are reasonably necessary for the administration of justice' and in order that it may preserve its existence and function as a court and which powers exist and inhere merely because it is a court and irrespective of legislative or constitutional grant. * * * The limitation on the courts' inherent power is that the expense incurred or the thing done must be reasonably necessary to preserve the courts' existence and protect it in the orderly administration of its business." State ex rel. Gentry v. Becker, 351 Mo. 769, 174 S.W.2d 181, 183. Relator concedes in his brief that "if no deputy clerk was assigned to respondent's courtroom or if the deputy assigned was incompetent or for some other reason, such as fiscal, relator was unable to provide a courtroom clerk the court could exercise its inherent power and appoint a deputy clerk as his courtroom clerk for so long as the necessity exists since the conventional method of providing same had failed. * * * that the inherent power in the judicial department should be exercised only on occasions when necessary personnel and facilities are not provided by conventional methods." We are in substantial agreement with that statement.

The rule we are considering does not require a finding that the deputy is not qualified as a condition for withholding approval. It arbitrarily provides for approval before there can be any appointment or removal. Nothing is said in the pleadings or briefs about the qualifications of the deputy to whom respondent objected. However, respondent's attorney stated in oral argument that we would be warranted in assuming that she was competent.

The duties of the circuit clerk are specified probably in more detail than any other county officer. There are several hundred sections of the statutes and a number of the Supreme Court Rules that relate to his duties. As we have said, the circuit court is given certain supervisory powers. However, as an elected county official, required by law to give a bond conditioned upon the faithful performance of his duties and upon which he is responsible for his deputies, certainly relator has the authority to control the details of the operation of his office, including the assignment of duties to his deputies. The duties of a courtroom deputy are very important. They are not, however, any more important than many other functions performed by relator's deputies. If the circuit court has the lawful authority, by rule, to require its approval before relator can assign a deputy clerk to each division, in principle the court can also extend the rule to require its approval for the assignment of duties to relator's other deputies. We find no authority, inherent or otherwise, for a circuit court to assume that type of control over the conduct of the office of the circuit clerk.

We accordingly rule that the second sentence of Rule 1–B exceeds the power of the circuit court and is accordingly void. Since the rule is void, its violation by relator, under the circumstances here existing, will not provide a basis for a finding of contempt and hence respondent does not have jurisdiction to proceed in Cause M–96.

Respondent also contends that relator's conduct, aside from his action in reassigning the deputy clerk, would support a finding of contempt. Since all matters alleged in the petition of amicus curiae concerned relator's conduct relating to Rule 1–B we rule this contention adversely to respondent.

The contention raised in Point III of respondent's brief was not pleaded in his return and is not properly before us for decision.

The provisional rule should be made absolute. It is so ordered.

HENLEY, C. J., FINCH, DONNELLY, SEILER and MORGAN, JJ., and SHANGLER, Special Judge, concur.

STORCKMAN, J., not sitting.