

# In the
# Missouri Court of Appeals
# Western District

SUSAN GALL, ET AL.,

        **Respondents,**

v.

RUSSELL E. STEELE;

        **Appellant,**

KRISTIE H. SWAIM,

        **Respondent.**

**WD79820**

**OPINION FILED:**

**December 6, 2016**

---

**Appeal from the Circuit Court of Boone County, Missouri**
**The Honorable Gary M. Oxenhandler, Judge**

**Before Division Three:**
**Alok Ahuja, P.J., Victor C. Howard, and James Edward Welsh, JJ.**

Russell E. Steele, Presiding Judge of the Second Judicial Circuit, appeals[1] the circuit

court's grant of summary judgment in favor of Susan Gall and Linda Decker in their declaratory

judgment action seeking the circuit court's declaration that the purported designation of any

judge to exercise the statutory appointing authority of the Adair County Circuit Clerk was

unlawful and in violation of the Missouri Constitution. The circuit court found that, pursuant to

---

[1]Judge Steele's appeal was originally filed in the Missouri Supreme Court. The Supreme Court, however, transferred the case to this court, stating that it is "where jurisdiction is vested" pursuant to Mo. Const. art. V, § 11.

section 483.245, RSMo 2000, the duly elected circuit clerk of Adair County is the appointing authority for deputy circuit clerks. Judge Steele disagrees and asserts seven points on appeal.

In particular, Judge Steele contends: (1) the circuit court erroneously declared and applied the law in finding that section 438.245 controls who is the proper appointing authority of deputy circuit clerks because the Missouri Supreme Court possesses inherent constitutional authority over the administration of its courts and personnel and properly exercised that inherent authority when, in 2009, it ordered the consolidation of deputy circuit clerks and division clerks under the supervision of one appointing authority and provided that the circuit courts could name the circuit clerk or court administrator, an associate circuit judge of the county, or the presiding judge of the circuit as the appointing authority (2009 order); (2) the circuit court erroneously declared and applied the law in finding that the elected circuit clerk had exclusive appointing authority and that the 2009 order did not apply to Adair County and the Second Judicial Circuit because the application and scope of the Missouri Supreme Court's 2009 order is constitutionally in the exclusive purview of the Missouri Supreme Court in that the circuit court budget committee was the appropriate entity to determine the application and scope of the 2009 order; (3) the circuit court erroneously applied the law in declaring that the consolidation order naming Judge Steele as the appointing authority for Adair County was procedurally defective because the circuit court lacked jurisdiction over the claim, given that Gall and Decker had voluntarily dismissed their claims as to the procedural inadequacies of the consolidation order; (4) the circuit court's judgment that Judge Steele unilaterally and ineffectively modified a previous consolidation agreement is not supported by "substantial evidence;" (5) the circuit court erroneously applied the law by entering judgment for the circuit clerk because the circuit clerk's sole remedy was to appeal to the circuit court budget committee and because one circuit judge

2

does not have the subject matter jurisdiction or authority to invalidate either the administrative orders of another circuit or the administrative orders of the Missouri Supreme Court; (6) the circuit court erroneously applied the law in ruling that two administrative orders of another circuit court are invalid because only the appellate courts of this state have subject matter jurisdiction over circuit court judges' actions; and (7) the circuit court erroneously applied the law in entering judgment for Gall because she had no standing to bring this action. We affirm the circuit court's judgment.

When considering an appeal from a summary judgment, we view the record in the light most favorable to the party against whom judgment was entered, and we afford that party the benefit of all reasonable inferences. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record established that Linda Decker is the elected Circuit Clerk of Adair County and that she has served in that capacity since 1991. Judge Steele is the presiding judge of the Second Judicial Circuit and has been the presiding judge at all times relevant to this case. Judge Kristie H. Swaim is an associate circuit judge of Adair County for the Second Judicial Circuit

On or about March 20, 2008, Judge Steele, Judge Swaim, and Decker signed and adopted an "Agreement for the Consolidation of the Clerical Functions of the Circuit Court of Adair County, Missouri." The agreement provided that "[a]ll clerical functions performed by the Associate Division and the Probate Division Clerks for who the Associate Circuit Judge has been the appointing authority shall be consolidated into the office of the Adair County Circuit Clerk." Further, the agreement designated the Circuit Clerk "as the appointing authority for all Deputy Circuit Clerks of Adair County."

3

On October 8, 2009, the Missouri Supreme Court Chief Justice Price issued an administrative order on behalf of the Supreme Court *en banc* stating that, pursuant to article V, section 4 of the Missouri Constitution, all circuit courts that had not previously consolidated all deputy circuit clerks and division clerks under the supervision of one appointing authority shall be consolidated under the supervision of one appointing authority. The order provided: "The appointing authority shall be either the circuit clerk or court administrator if the county does not have a circuit clerk, an associate circuit judge of the county, or the presiding judge of the circuit." The order also instructed: "The presiding judge, after consultation with the court en banc, the circuit clerk, and any other appointing authority, shall submit a plan to the circuit court budget committee designating the appointing authority for all deputy circuit clerks and division clerks by November 13, 2009[.]" Further, the order stated, "If a court has submitted a plan to the circuit court budget committee prior to October 1, 2009, and it has been approved, it shall be deemed in compliance with the consolidation requirements under this order."[2]

On May 2, 2013, Judge Steele emailed Knox County Associate Circuit Judge for the Second Judicial Circuit William Alberty and Lewis County Associate Circuit Judge for the Second Judicial Circuit Fred Westhoff asking them if they would consent to the transfer of the appointing authority for the Circuit Clerk's office from Circuit Clerk Decker to Judge Steele as presiding judge of the Second Circuit. On that same date, Judge Steele entered an administrative order amending the 2008 Consolidation Agreement. The order, signed only by Judge Steele, stated, "The Presiding Judge is hereby designated as the appointing authority for all Deputy

---

[2]The Supreme Court of Missouri *en banc* on June 28, 2013, added to its October 2009 Order by expressly providing a procedure for modifying consolidation plans. The 2013 order provided, "[I]t is ordered that the circuit court en banc, after consultation with the circuit clerk and other appointing authority, may submit any proposed revisions to its consolidation plan to the circuit court budget committee for its approval."

Clerks." The Second Judicial Circuit did not convene a meeting *en banc* to confer or deliberate regarding Judge Steele's proposed transfer of appointing authority from the circuit clerk to the presiding judge. The circuit court budget committee approved this amendment.

On April 1, 2014, the Second Judicial Circuit *en banc* met and adopted an "Amendment to Administrative Order Amending the Agreement for the Consolidation of the Clerical Functions of the Circuit Court of Adair County, Missouri." The amendment stated, "The Associate Circuit Judge is hereby designated as the appointing authority for all Deputy Clerks of Adair County." The Associate Circuit Judge of Adair County is Judge Swaim. Judge Steele, Judge Swaim, Judge Westhoff, and Judge Thomas P. Redington, Knox County Associate Circuit Judge, all signed the 2014 amendment order. The circuit court budget committee approved this amendment.

In December 2013, Gall filed a section 1983 action in the United States District Court against Judge Steele in his individual capacity and official capacity as presiding judge of the Second Judicial Circuit. Gall alleged that Judge Steele acted without authority to terminate Gall from her employment as Deputy Circuit Clerk of Adair County for the Second Judicial Circuit. In January 2015, the federal court stayed the action pending resolution of an issue of Missouri law.[3]

On March 9, 2015, Gall and Decker filed an action in the Second Judicial Circuit for declaratory judgment action seeking the circuit court's declaration that the purported designation of any judge to exercise the statutory appointing authority of the Adair County Circuit Clerk was

---

[3]We note that the federal court did not choose to certify the question of Missouri law to the Missouri Supreme Court, which is a procedure authorized by section 477.004, RSMo 2000.

5

unlawful and in violation of the Missouri Constitution.[4]  The Missouri Supreme Court ordered that the Honorable Gary Oxenhandler of the Thirteenth Judicial Circuit be transferred to the Second Circuit to hear the case, and, the parties agreed to transfer venue to Boone County. Thereafter, the parties filed cross motions for summary judgment.  On January 13, 2016, Judge Oxenhandler granted summary judgment in favor of Gall and Decker and found that, pursuant to section 483.245, a duly elected circuit clerk is the appointing authority for all deputy clerks.  In so concluding, Judge Oxenhandler determined that the 2009 Supreme Court Order did not apply to Adair County because Adair County had an elected circuit clerk and had a previously entered consolidation agreement.  Moreover, Judge Oxenhandler found that the 2013 and 2014 amendments to the 2008 consolidation agreement were ineffective and conflicted with section 483.245 because the judges had no right to unilaterally take away the circuit clerk's statutorily granted appointing authority without her consent.  Judge Steele appeals from the circuit court's judgment, but Judge Swaim did not join in the appeal.

Before addressing the merits of Judge Steele's appeal, we acknowledge that Gall and Decker filed a "Motion to Dismiss for Nonjusticiability of the Appeal" with this court.  In that motion, they allege that Judge Steele has no legally protectable interest in the appeal because the rights at stake in the appeal belong exclusively to Judge Swaim.  They argue that, given the fact that the Second Circuit *en banc* purported to vest appointing authority in Judge Swaim, Judge Steele no longer has any purported appointing authority of the deputy clerks in the circuit clerk's office.  Gall and Decker assert that Judge Steele lacks standing, that any judicial determination

---

[4]Gall and Decker also sought in a second count of the petition the circuit court's declaration that Judge Steele's purported appointment of himself as the appointing authority was void under the Missouri Sunshine Law. Gall and Decker voluntarily dismissed this count without prejudice.

6

concerning Judge Steele's power of appointment over deputy circuit clerks would be an advisory opinion, and that the appeal is moot. We disagree.

Gall and Decker sued Judge Steele in his official capacity as presiding judge of the Second Judicial Circuit. As presiding judge, Judge Steele has "general administrative authority over the court and its divisions." Mo. Const. art. V, § 15.3. Thus, as presiding judge he has standing to appeal a judgment that directly attacks administrative orders of the Second Judicial Circuit. We, therefore, deny Gall and Decker's motion to dismiss.

In considering Judge Steele's appeal from a summary judgment, we review the circuit court's grant of summary judgment *de novo*. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 376. "The propriety of summary judgment is purely an issue of law." *Id*. We will affirm the circuit court's grant of summary judgment if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Id*. at 380; Rule 74.04.

In his first point on appeal, Judge Steele contends that the circuit court erroneously declared and applied the law in finding that section 483.245 controls who is the proper appointing authority of deputy circuit clerks. Judge Steele asserts that, because the Missouri Supreme Court possesses inherent constitutional authority over the administration of its courts and personnel, it properly exercised that inherent authority when, in 2009, it ordered circuit courts to consolidate deputy circuit clerks and division clerks under the supervision of one appointing authority and provided that the circuit courts could name the circuit clerk or court administrator, an associate circuit judge of the county, or the presiding judge of the circuit as the appointing authority. We disagree.

Judge Steele is absolutely correct that the Missouri Constitution provides the Supreme Court with "general superintending control over all courts and tribunals" and that "[s]upervisory

7

authority over all courts is vested in the supreme court which may make appropriate delegations of this power." Mo. Const. art. V, § 4. Article V, section 15.4 of the Missouri Constitution, however, provides: "Personnel to aid in the business of the circuit court shall be selected as provided by law or in accordance with a governmental charter of a political subdivision of this state." The phrase "provided by law" means "as prescribed or provided by statute" or by "other provisions of the constitution." *Wann v. Reorganized Sch. Dist. No. 6 of St. Francois Cty.*, 293 S.W.2d 408, 411 (Mo. 1956); *see also Eberle v. Plato Consol. Sch. Dist. No. C-5 of Texas Cty.*, 313 S.W.2d 1, 3-4 (Mo. 1958) (following *Wann*, the Court found that Mo. Const. Art. VI, § 26(g), providing that "[a]ll elections under this article may be contested as provided by law," means that "the method and manner for contesting particular elections was as provided or as was to be provided by the legislature"). To that end, the Missouri legislature enacted section 483.245.2, which provides:

> The circuit clerk, or person exercising the authority of the circuit clerk pursuant to county charter, shall appoint all deputy circuit clerks, including deputy circuit clerks serving in courtrooms, and shall prescribe and assign the duties of such deputy circuit clerks. The circuit clerk may remove from office any deputy circuit clerk whom he appoints.

The law, i.e. section 483.245.2, therefore, provides that the circuit clerk has the authority to appoint deputy circuit clerks and to discharge deputy circuit clerks.

To the extent that Judge Steele argues that the general superintending control given to the Supreme Court somehow prevails over article V, section 15.4's specific and express provision that personnel of the court shall be selected as provided by law, we are not persuaded. The Missouri Supreme Court has declared that, generally speaking, "constitutional provisions are subject to the same rules of construction as other laws[.]" *StopAquila.org v. City of Peculiar,* 208 S.W.3d 895, 899 (Mo. banc 2006). A primary rule of statutory construction is that "[w]here one

8

provision of a statute contains general language and another provision in the same statute contains more specific language, the general language should give way to the specific." *Younger v. Mo. Pub. Entity Risk Mgmt. Fund*, 957 S.W.2d 332, 336 (Mo. App. 1997), *superseded by statute on other grounds by Gilley v. Mo. Pub. Entity Risk Mgmt. Fund*, 437 S.W.3d 315 (Mo. App. 2014). Thus, article V, section 4's general superintending control provision would not supersede article V, § 15.4's specific and express provision that personnel of the court shall be selected as provided by law. Moreover, Judge Steele's reliance on the proposition that Supreme Court's procedural rules can supersede previously enacted statutes is misplaced. *See Clark v. Kinsey*, 488 S.W.3d 750, 758-59 (Mo. App. 2016) (if a rule adopted by the Supreme Court under the authority of the constitution is inconsistent with a statute and has not been annulled or amended by the legislature, the rule supersedes the statute). Judge Steele fails to appreciate that the Supreme Court's rulemaking authority is granted by Article V, section 5 of the Missouri Constitution, which specifically provides that the Supreme Court "may establish rules relating to practice, procedure and pleading for all court and administrative tribunals, *which shall have the force and effect of law*."[5] Article V, section four of the Missouri Constitution contains no similar provision giving the Supreme Court's actions in its supervisory capacity "the force and effect of law."

Further, Judge Steele's argument that the circuit court has inherent power over deputy circuit clerks sufficient to limit elected circuit clerks of their statutory duties has already been addressed by the Missouri Supreme Court. In *State ex rel. Geers v. Lasky*, 449 S.W.2d 598 (Mo. banc 1970), the Court held:

---

[5]We added the emphasis.

9

The duties of the circuit clerk are specified probably in more detail than any other county officer. . . . As we have said, the circuit court is given certain supervisory powers. However, as an elected county official, required by law to give a bond conditioned upon the faithful performance of his duties and upon which he is responsible for his deputies, certainly [the circuit clerk] has the authority to control the details of the operation of his office, including the assignment of duties to his deputies. The duties of a courtroom deputy are very important. They are not, however, any more important than many other functions performed by [the circuit clerk's] deputies. If the circuit court has the lawful authority, by rule, to require its approval before [the circuit clerk] can assign a deputy clerk to each division, in principle the court can also extend the rule to require its approval for the assignment of duties to [the circuit clerk's] other deputies. We find no authority, inherent or otherwise, for a circuit court to assume that type of control over the conduct of the office of the circuit clerk.

*Id*. at 601. The Missouri Supreme Court recognized that courts have the inherent power to make rules governing the operation of courts, but it rejected any suggestion that those rules can strip the statutory duties delegated by the legislature to the elected circuit clerk. *Id*. at 600-01. The same is true in this case.

Judge Steele argues that *Geer* is inapplicable because the circuit court in *Geer* implemented local rules without a delegation of authority from the Supreme Court. Regardless of whether or not the Supreme Court delegated authority to the circuit courts, the issue in *Geer* was whether courts had the inherent authority over the statutory duties of circuit clerks. The Supreme Court clearly decided that the answer was no. As aptly decided by Judge Oxenhandler in this case, although there was no reference in *Geers* to any provision of the Missouri Constitution, we can presume that "the Supreme Court was aware of the 'superintending' provision of article V, section 4 of the Missouri Constitution and that if it had application to the *Geers* case the Supreme Court would have made such reference."

Judge Steele, however, contends that the Missouri Supreme Court properly exercised its inherent authority when, in 2009, it ordered circuit courts to consolidate deputy circuit clerks and

10

division clerks under the supervision of one appointing authority and provided that the circuit courts could name the circuit clerk or court administrator, an associate circuit judge of the county, or the presiding judge of the circuit as the appointing authority. Judge Steele asserts that the Supreme Court's 2009 order had the force of the law and fell within article V, section 15.4's pronouncement that "personnel of the court shall be selected as provided by law." We do not, however, read the 2009 order as a mandate to all circuit courts that they have the ability to designate appointing authority over the circuit clerk's office to an associate circuit judge of the county or the presiding judge of the circuit in violation of section 438.245.2. The 2009 consolidation order merely provides general alternatives to the appointing authority and would require the circuits to make a determination on a case-by-case basis and consider the alternatives in accordance with the law. Indeed, the designation of the presiding circuit court judge as appointing authority over deputy circuit clerks would be appropriate in constitutional charter counties. In the Second Judicial Circuit, however, the only possible choice for the appointing authority as provided by law was the circuit clerk, as was originally ordered when the Second Circuit consolidated in 2008. We find nothing in the 2009 consolidation order that sanctions circuits making designations of appointing authorities in violation of section 438.245.2.

Moreover, we question the applicability of the 2009 order to the Second Judicial Circuit because the 2009 order applied to "all circuits that [had] not previously consolidated all deputy circuit clerks and division clerks under the supervision of one appointing authority[.]" The Second Judicial Circuit designated the Circuit Clerk as the appointing authority on March 20, 2008, with an effective date of June 1, 2008. The 2009 order, therefore, seemingly would not even apply to the Second Judicial Circuit.

11

We, therefore, conclude that the circuit court properly granted summary judgment in favor of Gall and Decker in their declaratory judgment action. The designation of any judge to exercise the statutory appointing authority of the Adair County Circuit Clerk was unlawful and in violation section 483.425.2.[6]

In his second point relied on, to the extent that Judge Steele contends that the circuit court budget committee was the appropriate entity to determine the application and scope of the 2009 consolidation order, his contention is without merit. The 2009 order merely required:

> The presiding judge, after consultation with the court en banc, the circuit clerk, and any other appointing authority, shall submit a plan to the circuit court budget committee designating the appointing authority for all deputy circuit clerks and division clerks by November 13, 2009, to assure that the plan complies with the . . . consolidation requirements.

Nothing within the 2009 order gave the circuit court budget committee the authority to make a binding determination that a consolidation agreement is lawful and/or constitutional. The 2009 order merely gave the circuit court budget committee the authority to assure that a circuit's consolidation plan complied with the technical requirements for consolidation.

In his fifth point relied on, Judge Steele asserts that the circuit clerk's sole remedy was by appeal to the circuit court budget committee and that one circuit judge does not have the subject matter jurisdiction or authority to invalidate either the administrative orders of another circuit or the administrative orders of the Missouri Supreme Court. We disagree.

---

[6]Because we conclude that the designation of any judge to exercise the statutory appointing authority of the Adair County Circuit Clerk was unlawful and in violation section 483.425.2, we need not address Judge Steele's third and fourth points relied on, wherein he contends that the circuit court erroneously applied the law in declaring that the consolidation order naming Judge Steele as the appointing authority for Adair County was procedurally defective and that the circuit court erred in entering judgment for Gall and Decker because the circuit court's finding that Judge Steele unilaterally and ineffectively modified a previous consolidation agreement is not supported by "substantial evidence."

12

Judge Steele claims that jurisdiction over compliance with Supreme Court orders resides with the Missouri Supreme Court and that the Supreme Court possesses original appellate jurisdiction over the constitutionality of the 2009 order. As we noted previously, Judge Steele's appeal was originally filed in the Missouri Supreme Court. The Supreme Court, however, transferred the case to this court, stating that it is "where jurisdiction is vested" pursuant to Mo. Const. art. V, § 11. The Supreme Court, therefore, disagreed that it had original appellate jurisdiction over these issues.

In so far as Judge Steele complains that the circuit court lacked jurisdiction, the Missouri Supreme Court has declared that, according to article V, section 14 of the Missouri Constitution, "'[t]he circuit courts shall have original jurisdiction over all cases and matters, civil and criminal.'" *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009) (emphasis omitted). This is a civil case. Therefore, the circuit court had subject matter jurisdiction over the declaratory judgment action and had the authority to hear this dispute.

To the extent that Judge Steele asserts that the circuit clerk's sole remedy was by appeal to the circuit court budget committee, we again state that we find nothing within the 2009 order or within the Supreme Court Operating Rules that gives the circuit court budget committee the authority to make a binding determination that a consolidation agreement is lawful and/or constitutional. The circuit court budget committee's only obligation was to assure that a circuit's consolidation plan complied with the technical requirements for consolidation required by the 2009 order.

In his sixth point on appeal, Judge Steele argues that the circuit court erroneously applied the law in ruling that two administrative orders of another circuit court are invalid because only

13

the appellate courts of this state have subject matter jurisdiction over circuit court judges' actions. We disagree.

First, we note that the Missouri Supreme Court ordered that Judge Oxenhandler of the Thirteenth Judicial Circuit be transferred to preside over this matter, and the parties, thereafter, agreed to transfer venue of this matter to Boone County. Thus, to the extent that Judge Steele characterizes this case as one circuit court exercising authority over another circuit court, his characterization is mistaken. Judge Oxenhandler was transferred to the Second Judicial Circuit to hear this case by the Missouri Supreme Court, as such he essentially became a judge for the Second Judicial Circuit. Judge Oxenhandler, therefore was not exercising authority over another circuit court. Second, to the extent that Judge Steele argues that circuit courts cannot exercise authority over other circuit courts without an express delegation of the Supreme Court's supervisory power and that the Supreme Court has not delegated such authority in this case, we again point out that the Missouri Supreme Court disagreed that it had jurisdiction over this case. Third, this case involves a declaratory judgment action as provided by § 527.010, RSMo 2000, and Rule 87. As such the Thirteenth Judicial Circuit did not assert superintending control over the Second Judicial Circuit, but, instead, this case was tried as a contested declaratory judgment action as provided by law.

In his final point on appeal, Judge Steele asserts that the circuit court erroneously applied the law in entering judgment for Gall because she lacked standing to bring the action in that she failed to allege in her petition that she had any legally protectable interest in the subject matter of the suit or any other basis for standing. Regardless of whether Gall had standing to bring the declaratory judgment before the circuit court, no dispute exists that Decker had standing. As the elected circuit clerk, Decker brought the action in part to determine the scope of her

14

responsibilities as an elected official. Thus, even if Gall lacked standing, Decker had standing to seek relief in this declaratory judgment action.

The circuit court, therefore, properly granted summary judgment in this declaratory judgment action. The designation of any judge to exercise the statutory appointing authority of the Adair County Circuit Clerk was unlawful and in violation section 483.425.2. We affirm the circuit court's judgment.

/s/ JAMES EDWARD WELSH
James Edward Welsh, Judge

All concur.